## 43858. LIBERTY LOAN CORPORATION OF LAKEWOOD v. LEFTWICH.

JORDAN, Presiding Judge. This case has been here twice previously. *Liberty Loan Corp. v. Leftwich,* 115 Ga. App. 113 (153 SE2d 596); *Leftwich v. Liberty Loan Corp.,* 116 Ga. App. 799 (159 SE2d 142). Liberty Loan appeals from an adverse judgment of the lower court, sitting without a jury, for the claim of unpaid rent and accrued interest, the value of property removed from the premises, and the cost of repairs. *Held:*

1. The trial judge properly admitted evidence of the lease executed by the plaintiff landlord and the original tenant, and a later letter from the landlord to the subtenant as the assignee of the lessee, and the enumerations in this respect are without merit.

2. The sole remaining issue is whether the evidence supports the judgment, as insisted upon for reversal in the appellant's brief solely in respect to liability for unpaid rent under the terms of the lease, plus interest. It is clear from the evidence that the subtenant, Washington Finance Corporation, abandoned the premises after transferring its assets to Liberty Loan, and that Liberty Loan immediately occupied the premises without entering into any express agreement with the landlord. The landlord accepted payment from Washington Finance at the stipulated rental under the lease for its period of occupancy, and payment from Liberty Loan thereafter until Liberty Loan abandoned the premises some five months later, having notified the landlord that it considered its occupancy that of a tenant on a monthly basis. This notification is consistent with earlier unsuccessful attempts of the occupant, through a representative, to obtain affirmative recognition of tenancy on a monthly basis. In reply to the position taken by Liberty Loan, however, the landlord insisted, and so notified Liberty Loan in writing, consistent with all of his previous affirmative statements, that the lease was in effect, and that he would expect his rent each month, as in the past, until the expiration of the lease on December 31, 1964.

It appears to be the settled law of this State that where premises are under lease, and someone other than the lessee or his recognized assignee occupies the premises in the guise of

or as if he were a subtenant, without the express consent of the landlord, and pays the rent stipulated in the lease directly to the landlord, the landlord has the exclusive prerogative to elect to treat the occupant then in possession as his tenant under the lease, thus binding both himself and the occupant to the conditions of the lease for the unexpired term. The landlord may elect to expel the occupant as a mere intruder "or he may, at his option, affirmatively elect to treat such unauthorized subtenant occupying his premises as his own tenant instead of the original tenant, in which case the relationship of landlord and tenant between the owner and the original tenant ceases. Such an election . . . may be effected by an expressed recognition . . ., or it may be implied from such affirmative acts and conduct as will clearly indicate an intention on the part of the landlord to effect such a substitution. . . In order for the acceptance of such payments as made by an unauthorized subtenant to have the effect of establishing such a new agreement, it must clearly appear that it was the intention of the landlord to accept the payments as made by the subtenant on his own behalf as the owner's tenant, instead of through him for and on behalf of the original tenant." *Garbutt & Donovan v. Barksdale-Pruitt Junk Co.,* 37 Ga. App. 210 (1) (139 SE 357). See *McBurney v. McIntyre,* 38 Ga. 261, 262; *Hudson v. Stewart,* 110 Ga. 37, 40 (35 SE 178); *Lawson v. Haygood,* 202 Ga. 501 (43 SE2d 649); *McDonald v. Bell,* 23 Ga. App. 562 (99 SE 54); *Mendel v. Barrett & Son,* 32 Ga. App. 581 (124 SE 107). Where one other than the lessee is in possession of the leased premises, a presumption arises that he holds as an assignee, more particularly if he occupies under the tenant or is paying rent to the lessor, and an assignee cannot set up as a defense that the assignment was without the written consent of the lessor, as required under the lease, because this requirement is for the benefit of the lessor, and he may waive it. *Colonial Stages South, Inc. v. Joel,* 50 Ga. App. 209 (3, 4) (177 SE 525).

The evidence before the trial judge, viewed in the light of the foregoing principles, authorizes a judgment in favor of the landlord for unpaid rent and accrued interest.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

SUBMITTED SEPTEMBER 9, 1968—DECIDED SEPTEMBER 24, 1968.

*Charles D. Wheeler,* for appellant.

*Haas, Holland, Freeman, Levison & Gibert, Richard C. Freeman,* for appellee.