## 54105. WEST v. LIFE INSURANCE COMPANY OF VIRGINIA.

McMURRAY, Judge.

This case arose from a dispute as to the proper beneficiary of a family plan life insurance policy. On

December 17, 1976, Pamela West, also known as Pamela P. Rudd, as the alleged wife of the deceased at the time of the issuance of the policy, sued the insurer for the proceeds of the policy. On December 20, 1976, plaintiff in this action was also made a party by interpleader in another action for the proceeds of the policy brought by William E. Rudd, temporary administrator of the estate of the deceased. Both this action and the suit filed by William E. Rudd allegedly involve similar issues of fact and law and are pending in the same superior court. Defendant insurance company, seeking to avoid the difficulties attendant to this multiplicity of suits upon the same insurance policy, filed its motion for judgment on the pleadings or in the alternative for the granting of a perpetual injunction in this action. The temporary administrator filed a request for intervention styled a "Counterclaim of Interpleader," seeking, among other prayers, a consolidation of suits to avoid "a multiplicity of actions." This pleading was allowed filed.

The trial court, after a hearing of the motion filed by the defendant insurance company, granted the motion and dismissed this action, specifying that the dismissal was without prejudice as to any claims which plaintiff in this case has already asserted or may now wish to assert as a party in the action filed by William E. Rudd. *Held:*

1. It is well established that the substance of a legal pleading determines its nature, not what it is denominated. *Nunnery v. Dept. of Transportation,* 128 Ga. App. 221, 222 (1) (196 SE2d 171); *S. S. Kresge Co. v. Carty,* 120 Ga. App. 170, 176 (1) (169 SE2d 735), and cits. Defendant's motion avers that the issues in this action are the same issues pending in another DeKalb Superior Court action, that all issues might be resolved in a single proceeding, and that the party plaintiff here has been interpleaded in the other pending action. However, the judgment of the court did not consolidate the actions or enjoin this action, but dismissed it even though the "intervention" sought consolidation, and the defendant, in the alternative sought injunctive relief to avoid a multiplicity of suits. The granting of a motion for consolidation is not a final and appealable judgment.

*Duke v. Hill,* 132 Ga. 173 (63 SE 823). But, we cannot construe the "dismissal" to be a consolidation order. The dismissal was final, even though without prejudice, as this suit is no longer pending in the court below. Code Ann. § 6-701 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758); *O'Kelley v. Alexander,* 225 Ga. 32, 34 (165 SE2d 648); *Furlow v. Fuqua Industries, Inc.,* 131 Ga. App. 245 (205 SE2d 717); *Boles v. Bannister,* 131 Ga. App. 318 (205 SE2d 531). Our notice pleadings are to be construed to do substantial justice. *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (2) (163 SE2d 327); *B-W Acceptance Corp. v. Callaway,* 224 Ga. 367, 368 (2) (162 SE2d 430); *Gill v. Myrick,* 228 Ga. 253 (185 SE2d 72). The court erred in dismissing the suit.

2. Plaintiff's second and third enumerations of error complain of the failure to grant her motion for partial summary judgment. This motion has not been ruled upon; hence these enumerations cannot be considered. *G. M. J. v. State of Ga.,* 130 Ga. App. 420 (1) (203 SE2d 608). See also in this connection *U. S. I. F. Atlanta Corp. v. Paul,* 138 Ga. App. 625 (227 SE2d 90); *Bouldin v. Mote,* 136 Ga. App. 73 (220 SE2d 79); *Associated Architects, Inc. v. Holland,* 139 Ga. App. 793 (229 SE2d 674).

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

ARGUED JUNE 27, 1977 — DECIDED JULY 14, 1977.

*John Lantz,* for appellant.

*Rich, Bass, Kidd, Witcher & Billington, Charles T. Bass, Carter, Ansley, Smith & McLendon, Tommy T. Holland,* for appellee.