## 60581. SPAIN et al v. STUBBS.

DEEN, Chief Judge.

In July, 1972, Mrs. Spain deeded certain property to her eight children as tenants in common. Apparently in fulfillment of a contemporary agreement these children then signed an agreement making two of them, appellants Austin Spain and Lois Spain McCulloch, attorneys in fact for the group to sell the property, collect the proceeds, and "hold the same in trust for the use and benefit of our mother," using the fund to pay for her support and medical care. The money was in fact put into certificates of deposit, each bearing the name of a sibling plus the two attorneys in fact. When the mother died in July, 1977, each of the children except Leon received the certificate assigned over to him. Leon demanded his certificate, but the defendants refused to assign it over. On demand made to Austin, he replied that he would have to go along with Lois, who claimed it as a gift or as payment for services.

Leon died in June, 1978. A sister, Mary Stubbs, as executrix of his will filed suit in the State Court of Gwinnett County alleging that Lois and Austin in their capacity of attorneys in fact of the deceased mother had withdrawn the sum representing Leon's share of the fund and converted it to their own use. Various motions were overruled and a bench trial held which ended in the denial of a counterclaim filed by the defendant Lois and a money judgment for the plaintiff representing the principal and accrued interest of the certificate of deposit. The court granted the defendants' motion for new trial, held another bench trial, and again reached the same conclusion. *Held:*

1. Joint tortfeasors may be sued in the county of residence of either. Austin Spain and Lois McCulloch acted jointly in assuming control of the fund under the power of attorney signed by all the children, including the deceased Leon and the plaintiff, Mary, the executrix under his will. The purpose of that instrument was to create a trust for the use of the fund realized from sale of the mother's property during her lifetime. No uses following her death were specified. The trust was an express trust in writing, but its uses extended only through the lifetime of the mother. Where a trust is expressly created but the use extends to only a part of the estate, or

fails from any other cause, a resulting trust is implied for the benefit of the grantor. Code § 108-106 (4). The fund accordingly became the property in common of the eight siblings, and it was proper to divide it into eight parts, causing a certificate of deposit for each of the eight children to be issued.

What happened in point of fact was that each of the certificates, originally made out in favor of a sibling and the two defendant attorneys in fact, was assigned by the latter to the sibling named following the termination of the trust estate in the mother. The only exception was Leon, the plaintiff's testator, and as to him delivery of the certificate was refused by both Austin and Lois. The defendants were jointly charged with a conversion of assets to which they laid no claim under the provisions of the trust agreement. As such they were sued as joint tortfeasors and Gwinnett County, the county of residence of Austin Spain, was a proper county of venue.

2. The action is not an equity suit. The State Court of Gwinnett County had jurisdiction of the subject matter.

3. Upon the trial of the case the judge found against the contention of the defendant Lois McCulloch that Leon had given her the certificate of deposit in return for services to him, ruling that he "considered and rejected defendant McCulloch's defense that deceased had made a gift to her of the funds in dispute in view of defendants' inconsistent testimony." We agree that the testimony taken as a whole did not demand a finding that a gift had been made by Leon to Lois, and consequently affirm the trial court's ruling as to the defendant's second counterclaim which alleged a promise to bequeath his estate to her in return for her support.

4. The remaining defense, to the effect that there was no conversion because the defendant Lois was entitled to retain the sum represented by the certificate of deposit to repay her for shelter, food and other necessaries expended by her for the benefit of the deceased Leon, deserves further consideration, and is in fact partially sustainable. The findings of fact made by the trial judge at the end of the first trial are specifically referred to and incorporated in the findings of fact made at the end of the second trial, which apparently brought forth substantially the same evidence. The second judgment found against this defense "as stated in the court's finding of fact in the original order and judgment dated February 13, 1980." Reference to that judgment reveals the following: "The court finds that because of the relationship of the parties no credible evidence was presented to warrant a recovery of the funds claimed by the defendant McCulloch under the theory of quantum meruit. See Ga. Code Ann. § 3-107 which provides as follows: 'Ordinarily, when one renders services or transfers property valuable to another, which the latter

accepts, a promise is implied to pay the reasonable value thereof, *but this presumption does not usually arise in cases between very near relatives.'* " The same order finds: "The evidence shows that the defendant McCulloch did expend the sum of $5,560.59 for payment of indebtedness due on the house trailer which was occupied by deceased, as well as taxes and heating gas, prior to October 28, 1970. The evidence further showed that this defendant paid $15.52 in December, 1974, and $21.48 in November, 1975, for Cherokee County taxes. No proof was offered that the payment of the indebtedness or taxes were for the exclusive benefit of the deceased. No credible evidence was presented that the deceased promised to repay defendant McCulloch for funds expended."

In view of the totality of evidence presented it appears to the court that the trial judge erroneously applied the rule stated in *Adderholt v. Adderholt,* 240 Ga. 626 (2) (242 SE2d 11) (1978). That case, based on a resulting trust arising from a deed to real property under Code § 108-116, held that an agreement to repay *at the time of the conveyance* must be shown. Such a rule does not apply to the presumption of gifts between near relatives under Code § 3-107. There, for a quantum meruit obligation to arise between siblings, there must be, if not an express agreement, "facts or circumstances which would authorize an inference that it was contemplated that the services would be paid for in order to recover for them." *Lovin v. Poss,* 240 Ga. 848 (3) (242 SE2d 609) (1978). There is ample testimony in the present case to authorize such an inference. This family is obviously unfamiliar with the niceties of legal construction and should not be held to have contracted according to legal rules unfamiliar to its members. This is made obvious by the fact that the original trust agreement was drawn up sometime after the property was deeded to the children, although the transaction was obviously understood by the siblings to be a single act. From other testimony it appears that Leon was generally regarded as being less competent than the other siblings to care for himself. The court found that Lois spent over $5,000 in his behalf. There is testimony that he made out a will leaving her as his heir, and that the will in favor of the plaintiff sister was executed four months before his death and its existence kept secret until after that time. The presumption of gift should not under all the evidence here attach to either sister to the exclusion of the other. Since it appears that the trial judge reached the conclusion eliminating the quantum meruit claim entirely on the basis of the presumption of gift as between near relatives, the judgment must be reversed and remanded for another trial on this issue, since, if the defendant had a right to offset the amounts she owed Leon's estate to the extent of expenditures made in his behalf she would not, to this

extent, be guilty of a conversion.

*Judgment affirmed in part and reversed in part. Birdsong and Sognier, JJ., concur.*

SUBMITTED SEPTEMBER 9, 1980 — DECIDED OCTOBER 23, 1980.

*Larry King,* for appellants.
*Jones Webb,* for appellee.