## 74095. BABB v. POTTS.
(360 SE2d 44)

CARLEY, Judge.

In 1978, J. D. Wilson died intestate. Appellee, who is Wilson's sister, had provided a home for her brother from 1974 until his death. Appellee furnished Wilson the mobile home in her backyard as a place for him to live, paid his utilities, bought his food, cooked his meals, performed his household chores and provided him with nursing care. Appellee never received any payment from Wilson for rent or for the goods and services that she furnished to him. In 1977, appellant, who is Wilson's only child, purchased her father's house and signed a promissory note whereby she was to make payments of $200 a month to Wilson. Wilson's house was apparently his only substantial asset and the $200 a month that he received from appellant was

apparently his only source of income until shortly before his death. After Wilson's death, appellant petitioned the probate court for an order that no administration of her father's estate was necessary. See OCGA § 53-10-1. Appellee objected, asserting that she was a creditor to whom Wilson was indebted for 54 months of room and board at $500 per month. See OCGA § 53-10-2 (b). After appellee filed her objection, appellant's petition for no administration was denied and she was appointed the administrix of her father's estate.

Thereafter, this litigation was initiated when appellant, in both her individual and representative capacities, filed suit, alleging that appellee was "unlawfully holding" certain items of personal property which were owned by Wilson at the time of his death. Appellee answered and also filed a counterclaim against appellant, seeking to recover for Wilson's room and board. Only appellee's counterclaim came on for trial and it was submitted to the jury under two theories of recovery, breach of contract to make a will and quantum meruit. See *Banks v. Howard*, 117 Ga. 94, 96-97 (43 SE 438) (1902). The jury found for appellant on the contract theory, but for appellee on the quantum meruit theory. Appellant appeals from the judgment entered on the $20,000 verdict returned in favor of appellee.

1. The general grounds are enumerated. "[F]or a quantum meruit obligation to arise between siblings, there must be . . . 'facts or circumstances which would authorize an inference that it was contemplated that the services would be paid for in order to recover for them.' [Cit.]" *Spain v. Stubbs*, 156 Ga. App. 179, 181 (4) (274 SE2d 149) (1980). "In determining that in the contemplation of the parties such services [as nursing, personal care and the like] are to be paid for, the degree of relationship between the parties, the nature of the services, including the fact that their performance is very disagreeable and obnoxious to the person performing them, that they are such as to indicate the relation of master and servant, or employer and employee between the parties, and such that the person performing them would not naturally do so without compensation and would not perform them solely for love and affection, and statements made by the person to whom the services are rendered of appreciation of the services and an intention to pay therefor, although not necessarily communicated to the person rendering the services, and the fact that the person to whom the services are rendered is financially able to pay therefor, and other facts and circumstances concerning the performance of the services, may be considered as authorizing the inference that it is in the contemplation of the parties that the services are to be paid for. [Cit.]" *Humphries v. Miller*, 66 Ga. App. 871, 872 (1) (19 SE2d 321) (1942). "[I]t appears from the great weight of decisions in Georgia that, where the facts do not plainly demand an inference that the services were gratuitous, the particular facts of each case

should be submitted to the jury under proper instructions as to the law as herein set forth. [Cits.]" *Freeman v. Phillips*, 135 Ga. App. 466, 468 (218 SE2d 144) (1975). The evidence in this case did not demand an inference that the services performed for Wilson by appellee were gratuitous. "There is ample testimony in the present case to authorize [the] inference [that appellee would be paid for her services to Wilson]." *Spain v. Stubbs*, supra at 181 (4).

Appellant further asserts that there is no competent evidence authorizing a verdict in the amount of $20,000. In suits on quantum meruit, "the plaintiff is entitled to recover the ordinary and reasonable charges usually made for such services by members of the same profession, of similar standing." *Marshall v. Bahnsen*, 1 Ga. App. 485 (2) (57 SE 1006) (1907). "Questions of value are peculiarly for the determination of the jury where there is any data in evidence upon which they may legitimately exercise their 'own knowledge and ideas.' [Cit.]" *Daniell & Beutell v. McRee*, 31 Ga. App. 210, 211 (1) (120 SE 448) (1923). There was sufficient evidence as to the value of such services as appellee had rendered to Wilson. See generally *Bailey v. Fox*, 144 Ga. App. 195 (1) (240 SE2d 737) (1977); *Mitchell & Pickering v. Louis Isaacson, Inc.*, 139 Ga. App. 733, 734 (1) (229 SE2d 535) (1976); *Buffington v. McClelland*, 130 Ga. App. 460, 464 (1) (203 SE2d 575) (1973); *Kell v. Hunter*, 84 Ga. App. 792, 795 (4) (67 SE2d 597) (1951). Under the circumstances, it was not error to enter judgment on the $20,000 verdict against appellant in her individual, as well as her representative, capacity. See generally OCGA §§ 53-7-95; 53-13-63.

2. Appellant propounded the following question during the cross-examination of appellee: "And you also consider anything that [Wilson] may do for you in a will had one existed to be a gift, isn't that correct?" Appellant enumerates as error the trial court's sustaining of appellee's objection to this question.

It is clear that any response to the question would ultimately relate only to appellee's theory that Wilson had breached an express contract to make a will. The inquiry is as to whether such an alleged contract would have been supported by consideration or whether any bequest in Wilson's non-existent will would merely have represented a gift to appellee. The jury found for appellant on appellee's contract theory, thereby establishing that Wilson had not contracted with appellee to make a will. The unanswered question had no real relevancy to appellee's quantum meruit theory upon which the jury did base its verdict. The relevant issue as to that theory was whether, notwithstanding the absence of an express contract to make a will, there was an implied inter vivos contract to pay for appellee's services, which contract was now enforceable against Wilson's estate. Since the question related only to the legal theory upon which the jury found for appellant in any event, the error, if any, in sustaining appellee's ob-

jection thereto was harmless.

*Judgment affirmed. Banke, P. J., concurs. Benham, J., concurs and also concurs specially.*

BENHAM, Judge, concurring specially.

I concur in the majority opinion, but I believe the holding in Division 1 fails to sufficiently limit the right of the creditor to hold appellant personally liable on debts of the estate. The majority states: "Under the circumstances, it was not error to enter judgment on the $20,000 verdict against appellant in her individual, as well as her representative, capacity. See generally OCGA §§ 53-7-95; 53-13-63." The legatee of the estate is personally liable to creditors of the estate provided that the assets of the estate can be traced into her hands. "A creditor of an estate may follow assets in the hands of legatees or distributees even if they were received without notice." OCGA § 53-13-63. The facts of this case do not indicate whether the assets of the estate have been distributed. If the estate has been distributed, appellant is personally liable to the creditor only to the extent that she has benefited from the estate. If the estate has not been distributed, the estate is solely liable for payment of its debts to creditors.

DECIDED JULY 9, 1987 —
REHEARING DENIED JULY 24, 1987 — 

*L. Eddie Benton, Jr.,* for appellant.
*Jacquelyn H. Wilkes, Gregory M. Perry,* for appellee.