A90A0786. PRIMO'S, INC. v. CLAYTON COMMON
ASSOCIATES, LTD.
(398 SE2d 231)

McMURRAY, Presiding Judge.

Plaintiff Clayton Common Associates, Ltd., brought suit against Primo's, Inc., Primo's Partners, Ltd. and Dean O. Webb in the State Court of Gwinnett County. In its compliant, plaintiff alleged that on or about February 10, 1986, plaintiff, as landlord, entered into a written lease agreement with Magnetic Food Enterprises, Inc., as tenant, for the rental of certain premises in the Clayton Commons Shopping Center; that, thereafter, defendant Primo's, Inc. purchased the assets and liabilities of Magnetic Food Enterprises, Inc. and succeeded to all of the rights and obligations of Magnetic Food Enterprises, Inc. as a tenant under the lease; that, on October 30, 1987, defendant Primo's, Inc. assigned all of its "right, title, interest and obligations" under the lease to defendant Primo's Partners, Ltd. pursuant to a written "assignment to lease"; that under the terms of the assignment, defendant Primo's, Inc. remained liable for the performance of the lease in the event of default by defendant Primo's Partners Ltd.; that defendant Dean O. Webb, general partner of defendant Primo's Partners, Ltd. personally guaranteed the partnership's performance under the lease; that the lease was in default and the rent was in arrears and plaintiff made demand for payment of the rent upon all of the defendants; that no such payments were made; and that defendants were liable to plaintiff for rent, attorney fees and expenses of litigation.

A copy of the lease between plaintiff and Magnetic Food Enterprises, Inc. was attached to the complaint. It had an effective date of March 1, 1986, and a five-year term.

A copy of the "assignment of lease" was also attached to the complaint. It was signed by plaintiff, as "landlord," defendant Primo's, Inc., as "assignor," defendant Primo's Partners, Ltd., as "assignee," and defendant Webb, as "guarantor."

In pertinent part, the assignment provided: "WHEREAS, Landlord and Assignor's predecessor in title and interest, Magnetic Food Enterprises, Inc., did execute that certain lease dated February 10, 1986 . . . and WHEREAS, Assignor did thereafter purchase and acquire all of the assets and liabilities of Magnetic Food Enterprises, Inc., and did succeed to all of the right, title, interest and obligations of Magnetic Food Enterprises, Inc. as Tenant under the Lease, and WHEREAS, Assignor wishes to assign his rights and obligations under the Lease to Assignee which Assignment requires Landlord's

consent, NOW THEREFORE, . . . [for good and valuable consideration], the parties agree to the Assignment of the Lease subject to the following terms and conditions: 1. Subject to the terms and conditions hereinafter provided, Assignee has read and understood the Lease Agreement and hereby agrees to assume all of Assignor's duties and obligations under the Lease and agrees to attorn to Landlord. In consideration of Assignee's assumption of all of Assignor's duties and obligations under the Lease, Assignor hereby agrees to assign to Assignee all of his right, title and interest in and to the Lease. 2. In consideration of Assignee's assumption of all of Assignor's duties and obligations under the Lease, Landlord hereby consents to the Assignment to Assignee of all of Assignor's right, title and interest in and to the Lease. 3. The Lease shall remain in full force and effect and Landlord and Assignor hereby ratify and approve the same. . . . 5. This assignment shall not in any way diminish the liability of Assignor in event of default by Assignee."

Defendants answered the complaint separately, denying they were indebted to plaintiff. Additionally, defendant Primo's, Inc. counterclaimed against plaintiff and cross-claimed against the other defendants separately.

Both plaintiff and defendant Primo's, Inc. moved for summary judgment upon the main claim. The record contains three affidavits pertaining to that claim, to wit: The affidavits of Richard E. Tiede, Ferris M. Anthony and J. Alan Breus.

Tiede is plaintiff's property manager. In his affidavit, he identified copies of the lease and the assignment of the lease attached to the complaint as true and correct copies. He testified that defendant Primo's, Inc. and defendant Primo's Partners, Ltd. consecutively leased plaintiff's premises; that defendant Primo's, Inc. leased plaintiff's premises by assuming the lease of Magnetic Food Enterprises, Inc., a previous tenant; that, thereafter, defendant Primo's, Inc. assigned its right, title and interest in the lease to defendant Primo's Partners, Ltd.; that defendant Dean O. Webb personally guaranteed payment of the lease when it was assigned to defendant Primo's Partners, Ltd.; and that, in mid-April 1988, defendant Primo's Partners, Ltd. abandoned plaintiff's premises and failed to make payments under the lease. Tiede further testified that plaintiff made demand upon all defendants for payment pursuant to the terms of the lease and assignment; that no such payments were made; and that, at that time, $46,776.71 plus attorney fees and expenses of litigation was due and owing under the lease.

Anthony is president of defendant Primo's, Inc. In his affidavit, he testified that in late 1986 or early 1987 defendant Primo's, Inc. operated a pizza restaurant and delivery unit on plaintiff's premises; that, previously, the space was occupied by Frank Vardaros who, op-

erating as Magnetic Food Enterprises, Inc., ran a pizza restaurant and delivery unit on the premises and, in fact, had become a limited licensee of defendant Primo's, Inc.; that he learned that Vardaros had ceased or was about to cease operations at plaintiff's premises and, therefore, he spoke with plaintiff about the possibility of operating a pizza unit in the space which Vardaros occupied; that defendant Primo's, Inc. was apprehensive about operating a pizza restaurant and delivery unit upon premises where a previous pizza business failed; and that, therefore, defendant Primo's, Inc. and plaintiff agreed that defendant Primo's, Inc. would lease plaintiff's premises on a month-to-month trial basis with the opportunity of negotiating a long-term lease in the future if the parties were mutually satisfied with the tenancy of defendant Primo's, Inc. Anthony further testified that defendant Primo's, Inc. did not purchase or acquire the assets of Magnetic Food Enterprises, Inc.; that defendant Primo's, Inc. did not succeed to any rights or obligations under the lease between plaintiff and Magnetic Food Enterprises, Inc.; that no agent of defendant Primo's, Inc. even saw the lease between plaintiff and Magnetic Food Enterprises, Inc. until it was served with the complaint; that defendant Primo's, Inc. would never assume a lease it had not seen inasmuch as its attorney thoroughly reviews and negotiates every prospective lease; that during the latter part of 1987 defendant Primo's, Inc. twice contacted plaintiff seeking a long-term lease covering the premises; that plaintiff indicated such a lease would be prepared; but that no such lease was ever executed by plaintiff and defendant Primo's, Inc.

Anthony further testified that in September 1987 defendant Primo's, Inc. notified plaintiff that it intended to sell the pizza unit to defendant Webb or some entity with which he was associated; that any lease would have to be negotiated between plaintiff and the new owner; and that defendant Primo's, Inc. was not requiring the new owner to operate the business at plaintiff's premises. Regarding the language of the assignment, Anthony testified (1) that at the closing of the sale of the pizza unit, counsel for defendant Webb told him that "such document basically was intended to preclude Primo's, Inc. from ever denying defendant Webb's right to occupy the space . . . [and] that, in the event that Mr. Webb or his company decided to cease operations . . . the landlord would like Primo's, Inc. to consider resuming the relationship and arrangement that it previously had maintained with the landlord"; and (2) that he understood the assignment would allow defendant Primo's, Inc. to return to plaintiff's premises as a tenant at will. With regard to the reference to Magnetic Food Enterprises, Inc., Mr. Anthony testified that he only intended to make it clear that Magnetic Food Enterprises, Inc. would have no right to claim plaintiff's premises.

Anthony continued his affidavit by reciting that in April 1988, defendant Webb abandoned the premises; and that, on May 30, 1988, he advised plaintiff that it should take legal action against defendants Webb and Primo's Partners, Ltd. Anthony concluded by reiterating that defendant Primo's, Inc. "never saw, negotiated or signed any lease with the landlord."

Breus is the vice-president of B&R No. 3, Ltd., a general partner of plaintiff. He attached the original assignment of lease and a copy of the lease between plaintiff and Magnetic Food Enterprises, Inc. to his affidavit. He testified that he executed the Assignment of Lease on behalf of plaintiff; that it was plaintiff's understanding that defendant Primo's, Inc. assumed all the right, title, interest and obligations of Magnetic Food Enterprises, Inc. in the lease; that plaintiff never agreed to allow defendant Primo's, Inc. to rent its premises as a tenant at will; and that the assignment of the lease by defendant Primo's, Inc. did not diminish its obligations under the lease.

Based on the foregoing evidence, the trial court granted partial summary judgment to plaintiff against all of the defendants, ruling that plaintiff was entitled to recover rent (to the date of the order) in the amount of $27,721.61 plus interest and attorney fees. No ruling was made upon the summary judgment motion filed by defendant Primo's, Inc.

Defendant Primo's, Inc. appeals, asserting the trial court erred in granting plaintiff's motion for summary judgment, in part, and in denying its motion for summary judgment. *Held*:

1. Defendant Primo's, Inc. points out correctly that an assignment of the lease from Magnetic Food Enterprises, Inc. to defendant Primo's, Inc. does not appear in the record. The absence of such an assignment, however, is not fatal to plaintiff's claim. Why? Because the doctrine of equitable estoppel or estoppel in pais prevents defendant Primo's, Inc. from assuming an inconsistent position to the detriment of plaintiff. *Brown v. Scales*, 109 Ga. App. 138, 139 (135 SE2d 525).

Defendant Primo's, Inc. represented in the assignment of lease to defendant Primo's Partners, Ltd. that it purchased the assets of Magnetic Food Enterprises, Inc. and succeeded Magnetic Food Enterprises, Inc. as a tenant under the lease. Plaintiff agreed to the assignment of the lease from defendant Primo's, Inc. to defendant Primo's Partners, Ltd. based on that representation. Thus, defendant Primo's, Inc. is estopped from asserting that it did not succeed Magnetic Food Enterprises, Inc. as a tenant under the lease. *Brown v. Scales*, supra. Although the doctrine of equitable estoppel cannot create or convey title, it is not being so used in this case. See *Brunswick Pulp &c. Co. v. Yeomans*, 258 Ga. 545, 546 (372 SE2d 217).

The trial court did not err in granting partial summary judgment

to plaintiff against all of the defendants.

2. Inasmuch as the trial court did not rule upon defendant Primo's, Inc.'s motion for summary judgment, we cannot consider the contention that the trial court erred in failing to grant the summary judgment motion. *West v. Life Ins. Co. of Virginia*, 142 Ga. App. 877, 879 (2) (237 SE2d 239).

3. Citing *Nickerson v. Candler Building*, 156 Ga. App. 396, 399 (5) (274 SE2d 582), defendant Primo's, Inc. contends the trial court erred in ruling that plaintiff was entitled to recover rent which accrued between the time the complaint was filed and the partial summary judgment order was entered. This contention is without merit. In *Nickerson*, a *default judgment* was entered against the lessee and this Court held that the landlord could not recover rent which accrued after the filing of the complaint in the absence of subsequent amendments to the complaint. *Nickerson v. Candler Building*, 156 Ga. App. 396, 400, supra. Compare *Price v. Age, Ltd.*, 194 Ga. App. 141, 144 (3) (390 SE2d 242). In the case sub judice, on the other hand, *partial summary judgment* was entered against the defendants. In ruling upon plaintiff's summary judgment motion, it was incumbent upon the trial court to make an order specifying "the extent to which the amount of damages . . . is not in controversy." OCGA § 9-11-56 (d). This is precisely what the court did.

4. The remaining enumerations of error are without merit.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 28, 1990 —
REHEARING DENIED OCTOBER 17, 1990.

*Charles Gallagher*, for appellant.

*Sinowski & Jones, Mark V. Clark, McRae, Lambrecht & Wagner, Benjamin H. Pruett, C. David Johnston*, for appellee.