A91A0282. POWELL v. THOMAS.
(405 SE2d 553)

BIRDSONG, Presiding Judge.

Estella Thomas filed suit against the estate of Mary Washington for breach of contract to make a will and for payment of the value of personal services. In a pre-trial order, Ms. Thomas set forth the specific personal services performed by her for Mary Washington, and amended her complaint to set forth the value of the personal services.

The evidence, construed in favor of the verdict on appeal, shows that Thomas worked for Washington for seven years, four months and one day; that she cooked, cleaned, gardened, served meals, administered personal and business affairs for Washington, chauffeured her and provided companionship; and that the two were constantly together. Several witnesses testified they had observed Thomas attend and perform labor for Washington for years and that Washington regarded Thomas as a daughter and expressed the intention or desire to leave Thomas her property when she died. On her hospital admission papers shortly before she died, Washington listed Thomas as her daughter. Thomas was not paid for these services. She was not related to Washington. Washington's step-children inherited the estate.

The jury found no contract existed for Washington to make out her will in favor of Thomas, but awarded Thomas $19,000 for the value of her services during seven years, four months and one day. The estate appeals. *Held*:

Thomas' complaint and the pre-trial order set forth the specific services supplied by Thomas and the value of those services. The pleadings were sufficient to state a claim according to OCGA § 9-11-8. See OCGA § 9-11-16. See also *King v. Thompkins*, 186 Ga. App. 12,

13 (366 SE2d 340); *Koppers Co. v. Parks*, 120 Ga. App. 551 (171 SE2d 639). Appellant was not entitled to a dismissal for failure to state a claim.

The award in quantum meruit is authorized by the evidence and the pleadings. The evidence showed Thomas did not expect to work for free for seven years, four months and one day, and that Washington expected her to be compensated. The evidence authorized an inference that it was contemplated the services would be compensated (see *Babb v. Potts*, 183 Ga. App. 785, 786 (360 SE2d 44)), even more so because she was a "stranger," since it would not ordinarily be inferred that one not a relative would have provided such services for free. See *Westbrook v. Saylors*, 56 Ga. App. 587, 590 (193 SE 371). The verdict was amply supported.

Accordingly, appellant was not entitled to a directed verdict or judgment n.o.v. See OCGA § 9-11-50.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED APRIL 12, 1991.

*William C. Randall*, for appellant.
*Mills, Freeman, Vaughn & Sosebee, W. Franklin Freeman, Jr.*, for appellee.