A91A1666. TOUCH INDUSTRIES, INC. v. 75 CANTON
BUSINESS PARK LIMITED PARTNERSHIP.
(415 SE2d 40)

CARLEY, Presiding Judge.

After appellee-plaintiff applied for a distress warrant pursuant to OCGA § 44-7-70 et seq., appellant-defendant filed an answer and traverse, based, in part, upon the asserted non-existence of any landlord-tenant relationship. After a bench trial, the trial court entered judgment in favor of appellee and appellant appeals therefrom.

In relevant part, the trial court made the following findings of fact: appellee originally leased the premises to McDaniel Business Systems, Inc. (McDaniel). Concerned about information that McDaniel had subsequently been purchased by appellant, appellee wrote to appellant seeking a "copy of the agreement whereby [appellant, as] the new owner[,] assumes the obligations of the [McDaniel] lease." One of appellant's employees responded with a letter containing certain enclosures which were identified as copies of stock purchase agreements "transferring the obligations of the . . . lease to [appellant]. This documentation should provide the confirmation you require." Appellee relied on these statements and was satisfied that appellant had assumed the lease and was liable for the rent. Thereafter, appellee received monthly checks for the rent from appellant, appellant made requests for repairs based upon various lease covenants, and appellant made use of brochures with the address of the leased premises printed thereon. These factual findings are supported by the evidence of record. Compare *Chatham v. World Arts & Crafts Center*, 147 Ga. App. 421 (249 SE2d 139) (1978).

Appellant "points out correctly that an assignment of the lease from [McDaniel] to [appellant] does not appear in the record. The absence of such an assignment, however, is not fatal to [appellee's] claim . . . [b]ecause the doctrine of equitable estoppel or estoppel in pais prevents [appellant] from assuming an inconsistent position to the detriment of [appellee]. [Cit.]" *Primo's, Inc. v. Clayton Common Assoc., Ltd.*, 197 Ga. App. 286, 289 (1) (398 SE2d 231) (1990). Appellant represented that in connection with its purchase of the stock of McDaniel, it had assumed the obligations of the lease and, moreover, appellant never made a contrary representation in response to appellee's direct request for assurance of such assumption. "Thus, [appellant] is estopped from asserting that it did not succeed [McDaniel] as a tenant under the lease. [Cit.] Although the doctrine of equitable estoppel cannot create or convey title, it is not being so used in this

case. [Cit.]" *Primo's, Inc. v. Clayton Common Assoc., Ltd.*, supra at 289 (1).

Although the trial court, in its conclusion of law, did not explicitly rely upon the doctrine of equitable estoppel, the facts as found by the trial court and supported in the record would compel the conclusion that appellant is estopped to deny the existence of a landlord-tenant relationship with appellee. "An appellate court in reviewing a lower-court decision will look to the basic question, which is whether or not the judgment is valid as a matter of law; the reasons contained in the judgments are not controlling. [Cit.] Briefly expressed, a judgment right for any reason will be affirmed. [Cit.]" *Adams v. Emory University Clinic*, 179 Ga. App. 620, 621 (347 SE2d 670) (1986).

*Judgment affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED JANUARY 23, 1992.

*Andrew J. Ekonomou, Howell A. Hall*, for appellant.
*Fred J. Hanna*, for appellee.

