A94A0308. CUNNINGHAM v. TARA STATE BANK.
(442 SE2d 18)

BLACKBURN, Judge.

Tara State Bank (the Bank) instituted suit against John Cunningham to recover on two demand notes. The trial court granted the Bank's motion for summary judgment and Cunningham appeals.

On November 21, 1989, Cunningham executed a promissory note and security agreement in favor of the Bank in the amount of $41,412.96. The security agreement listed a Cape Dory Cutter boat as collateral and provided that the agreement was given to "secure the payment and performance of each and every debt, liability and obligation of every type and description which Debtor may now or at any time hereafter owe to Secured Party (whether such debt, liability or obligation now exists or is hereafter created or incurred, and whether it is or may be direct or indirect, due or to become due, absolute or contingent, primary or secondary). . . ."

On June 1, 1992, Cunningham, on behalf of John H. Cunningham Architects, Inc., executed a promissory note for $95,200 renewing previously existing debt with the Bank. Cunningham also executed a personal guaranty on this demand note. By letter dated August 13, 1992, the Bank notified Cunningham of the default on the June 1, 1992, note and demanded immediate payment of the outstanding principal and interest of $97,101.08. By letter dated September 3, 1992, the Bank notified Cunningham of the default on the November 21, 1989 note and demanded immediate payment of the outstanding principal and interest of $20,604.94. Thereafter, the Bank brought the underlying action to recover on the notes and for possession of the collateral.

Cunningham argues that the trial court erred in granting the Bank's motion for summary judgment as the note dated November 21, 1989 was never in default. However, the promissory note contained cross-default language: "I will be in default if any one or more of the following occur: . . . (3) I fail to keep any other promise I have made in connection with this loan. (4) I fail to pay, or keep any other promise, on any other loan or agreement I have with you. . . ." It is undisputed that Cunningham sold the Cape Dory Cutter boat listed as security to his wife, without first obtaining permission from the Bank as required by the security agreement for such a sale of collat-

eral. It is also undisputed that Cunningham was in default on the other note with the Bank. Therefore, the note dated November 21, 1989 was in default according to its own terms.

Cunningham next argues that his tender of $15,000 would have constituted a complete payoff of the November 21, 1989 note and relieved him of paying attorney fees, per diem interest and expenses. The evidence is undisputed that the November 21, 1989 note had a payoff of $20,604.94. Therefore, Cunningham's tender was insufficient. See *Heath v. L. E. Schwartz & Sons*, 203 Ga. App. 91, 92 (416 SE2d 113) (1992); OCGA § 13-1-11.

Cunningham asserts that the note dated June 1, 1992, was not in default. Like the earlier note, this note was a demand note. If no demand was made, the note was payable on July 16, 1992, almost one month before demand for payment was made. "A cause of action against a maker or an acceptor accrues in the case of a demand instrument upon its date or, if no date is stated, on the date of issue." (Citation and punctuation omitted.) *Stone v. First Nat. Bank*, 159 Ga. App. 812, 813-814 (285 SE2d 207) (1981). Furthermore, the second note contained the same cross-default language as the first note. Therefore, Cunningham's sale of collateral placed both notes in default. Summary judgment was properly granted to the Bank.

On appeal, the Bank requests damages for frivolous appeal pursuant to OCGA § 5-6-6. The Bank's action was brought properly to enforce the demand notes executed and guaranteed by Cunningham. It does not appear that there was any valid reason for Cunningham to anticipate reversal of the trial court's judgment. Therefore, we conclude that this appeal was brought only for purposes of delay and we grant the Bank's motion for ten percent damages for frivolous appeal. See *Jamison v. Button Gwinnett Savings Bank*, 204 Ga. App. 341 (2) (419 SE2d 91) (1992). The clerk is directed to enter ten percent damages upon the remittitur.

*Judgment affirmed with direction. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 16, 1994.

*William S. Dominy*, for appellant.
*Glaze, Glaze & Fincher, Kirby A. Glaze, William A. Grabbe*, for appellee.