A94A2627. MEADOWS et al. v. SIEGAL et al.
(456 SE2d 268)

RUFFIN, Judge.

On January 13, 1989, Melvin and Evelyn Meadows entered into an agreement to lease shopping center space from Murray Siegal for use as a laundromat. The lease, which had a five-year term, provided that the Meadows could not sublet the space without Siegal's written consent. The lease further provided that if the Meadows entered into a sublease, they "shall at all times remain fully responsible and liable for the payment of the rent. . . ." On September 12, 1990, the Meadows sold the laundromat and subleased the space to subtenants Sabrina and Clinton Fuller. The sublease agreement, which was executed by Siegal, the Meadows and the Fullers, also provided that the Meadows remained liable to Siegal for any obligation due under the lease.

On April 1, 1991, the Fullers, who were one month in arrears on rent, sold the laundromat to Mathias Odoemele who subsequently occupied the space without the consent of Siegal or the Meadows. After Siegal learned that the Fullers no longer occupied the laundromat, his property manager, Bruce Toups, met Melvin Meadows and Odoemele to determine the status of the space. Toups took no further action regarding the matter until May 3, 1991, when he sent a letter to the Meadows and the Fullers notifying the parties that Siegal was terminating the Fullers' sublease. In the letter Toups further demanded "that all payments in arrears due under the Lease be made immediately by Tenant." On June 13, 1991, the property management company returned a rent check sent by Odoemele, stating in the cover letter that "[b]ecause you are not a legal tenant, we are unable to accept the payment." A copy of this letter was sent to the Meadows. Siegal later sued the Meadows for past due rent and the trial court granted his motion for summary judgment.

The Meadows contend the trial court erred in granting the motion because a genuine issue of material fact remained as to whether Siegal made an affirmative election to make Odoemele the actual tenant, thereby releasing them from any responsibility to pay the rent. Where a subtenant occupies the premises with the consent of the landlord, that subtenant "has no right to impose [another subtenant] upon the landlord without his consent. [Cit.]" *Block v. Brown*, 199 Ga. App. 127, 128 (1) (404 SE2d 288) (1991). "The provision against assignment, however, is solely for the protection or convenience of the landlord and may be waived and, when the landlord treats the lease as assigned, he is estopped from denying the validity of the assignment. [Cits.]" Id. Accordingly, "if someone other than the lessee or his recognized assignee occupies the premises and pays rent to the landlord as if he were a subtenant, the landlord may elect to treat him as a tenant occupying under the lease and bind himself and the tenant to the unexpired portion of the lease or expel him as a mere intruder. The landlord's election may be effected by an express recognition of the subtenant or be implied from affirmative acts and conduct. The election establishes privity of contract between the subtenant and the landlord and renders the former liable to the landlord as a tenant. [Cits.] It is necessary, therefore, to determine [whether Siegal's] acts indicate [that he accepted Odoemele] as his tenant." Id. at 129.

While such a determination is generally for the jury, *Step Ahead v. Lehndorff Greenbriar*, 171 Ga. App. 805 (321 SE2d 115) (1984), in the instant case there was nothing, other than the Meadows' unsubstantiated allegations, to show that Siegal made such an election. Siegal's express conduct indicated he did not intend to release the Meadows from their obligations and accept Odoemele as his tenant. Siegal

continued throughout the term of the lease to demand that the Meadows pay the past due rent. When Odoemele tendered payment, Siegal expressly rejected that payment because Odoemele was not a legal tenant. The fact that Siegal knew Odoemele occupied the space and did nothing about it is of no consequence because "knowledge [of a landlord] that his tenant has subleased the property, and a failure to interpose any objection, can not be held to be the acceptance by the landlord of the subtenant as his immediate tenant." *Hudson v. Stewart*, 110 Ga. 37, 40 (35 SE 178) (1899). Accordingly, since the Meadows were clearly liable for the past due rent under the lease agreements, and there was no evidence indicating Siegal accepted Odoemele as a new tenant, the trial court did not err in granting Siegal's motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 13, 1995 —
RECONSIDERATION DENIED MARCH 29, 1995 — ▮▮▮▮▮▮▮▮▮
Action on lease. DeKalb State Court. Before Judge Smith.
*Alvin L. Kendall,* for appellants.
*Steven K. Weiner, Diane E. Bessen,* for appellees.