A95A1584. WHITE et al. v. ARTHUR ENTERPRISES, INC.
(464 SE2d 225)

JOHNSON, Judge.

Arthur Enterprises, Inc. d/b/a S & W Pharmacy filed a complaint alleging that John White, White's Pharmacy and Cost Effective Computers, Inc., violated the Georgia Trade Secrets Act by misappropriating S & W's computer files containing customer, drug, doctor and prescription information. The parties tried the case before a jury, which found White and White's Pharmacy each separately liable to S & W in the amount of $18,000 for wilful and malicious misappropriation of trade secrets, but found Cost Effective not liable. The court awarded S & W attorney fees of $17,474. See OCGA § 10-1-764. White and White's Pharmacy appeal.

1. The claim of White and White's Pharmacy that no evidence supports the amount of damages awarded by the jury is without merit. Under the Trade Secrets Act, damages can include the unjust enrichment caused by misappropriation of trade secrets. OCGA § 10-1-763 (a). The unjust enrichment doctrine provides that a party shall not be allowed to profit or enrich itself inequitably at another's expense. Black's Law Dictionary 4th ed. Rev. The unjustly enriched party should pay for its gain. *Mabry v. Pelton*, 208 Ga. App. 891, 893 (3) (432 SE2d 588) (1993). "[W]here an award of monetary damages is made for unjust enrichment, it must . . . be supported by evidence from which it can be determined to a reasonable certainty that the defendants in fact realized such a gain. [Cit.]" *Phoenix Airline Svcs. v. Metro Airlines*, 194 Ga. App. 120, 125-126 (3) (390 SE2d 219) (1989), rev'd on other grounds, 260 Ga. 584 (397 SE2d 699) (1990). In the instant case, S & W, which sought damages based on unjust enrichment, presented evidence that the information contained in its computer files had a value of $90,000. Relying on this evidence, the jury could have determined with reasonable certainty that White and White's Pharmacy each realized a gain of $18,000 from the misappropriation of those files. Because the jury's award of damages was well within the range of the evidence, it shall be affirmed. See *Fullard v. Southern Mut. Ins. Co.*, 191 Ga. App. 483, 485 (3) (382 SE2d 140) (1989).

2. White and White's Pharmacy maintain that the amount of attorney fees awarded by the court is excessive and unsupported by the evidence. White and White's Pharmacy, however, have not met their appellate burden of proving error by the record. "The burden is on the party alleging error to show it affirmatively by the record and when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. Where [evidence] is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm." (Ci-

tations and punctuation omitted.) *Bank South v. Zweig*, 217 Ga. App. 77, 79 (2) (456 SE2d 257) (1995).

At the attorney fees hearing in the instant case, one of S & W's lawyers tendered a written statement of S & W's legal costs. After arguments of counsel, the court said that it approved that written statement as S & W's reasonable attorney fees. Although that critical piece of evidence relied upon by the trial court is necessary for us to determine whether the attorney fees award is excessive, it is not included in the appellate record. Because the statement is omitted from the record, White and White's Pharmacy have not met their burden of showing error affirmatively by the record. Accordingly, we are required to assume that the court's award of attorney fees was correct and must be affirmed. See *Hendricks v. Emerson*, 199 Ga. App. 208, 209 (2) (404 SE2d 279) (1991).

3. The remaining arguments of White and White's Pharmacy are either without merit or have been abandoned.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 8, 1995 —
RECONSIDERATION DENIED NOVEMBER 21, 1995 — 

*Little & Adams, Robert B. Adams*, for appellants.

*Minor, Bell & Neal, William F. Jourdain, Robert G. McCurry*, for appellee.

