A97A2175. YOH et al. v. DANIEL et al.
(497 SE2d 392)

BEASLEY, Judge.

Edward and Alison Yoh reneged on their contract to sell their residence to Frank and Julie Daniel, even though the Daniels (with the consent of the Yohs) had substantially improved the home in anticipation of the sale. The Daniels then received their earnest

money back, which cancelled the contract. A jury awarded the Daniels $6,250 in general damages and $5,000 in attorney fees based on claims of unjust enrichment, quantum meruit, and conversion.

1. The Yohs first claim they were entitled to a new trial "because the actual damages awarded by the jury were greater than the damages testified to and presented as evidence at trial." We have often upheld jury awards exceeding the highest amount testified to at trial. *Piedmont Builders v. Fullerton*[1] upheld a verdict that was 25 percent more than the highest monetary estimate that could form the basis for damages. As stated, "[t]he jury . . . is not bound by the exact limits of the evidence. . . . The jury may consider the nature of the property involved and any other facts or circumstances within their knowledge, and a verdict which exceeds or falls short of the value testified to will be sustained where there are sufficient facts in evidence from which they may draw a legitimate conclusion, and the verdict is not palpably unreasonable under all the evidence so as to be excessive as a matter of law."[2] Following the same reasoning, we upheld a jury verdict in *Hogan v. Olivera*[3] that was $2,865 more than the highest estimate.[4]

The Daniels presented evidence (a) they purchased materials amounting to $2,000 to improve the house; (b) the Yohs had converted $1,000 in oriental rugs stored by the Daniels at the house; and (c) the Daniels had labored over 100 hours in improving and extensively cleaning the house. The jury had pictures and a detailed description of the work done or to be done. This evidence in toto authorized the jury to award the value of improvements to the house,[5] even if it exceeded the cost of the materials and labor.

The Yohs argue the jury could not award the Daniels the value of their labor because they testified they were not seeking their labor costs. But the Yohs misapprehend the measure for damages. "The unjustly enriched party should pay for its gain. [Cit.]"[6]

2. The Yohs contend there was no legal basis for an award of attorney fees. This ignores the conversion claim for the oriental rugs the Yohs had taken or given away. Even though a conversion count was not separately set forth in the original complaint or in the pre-

---

[1] 157 Ga. App. 126 (276 SE2d 277) (1981).

[2] (Citations omitted.) Id. at 127 (1).

[3] 141 Ga. App. 399, 401-405 (1) (d) (233 SE2d 428) (1977).

[4] See *Dept. of Transp. v. Driggers*, 150 Ga. App. 270 (257 SE2d 294) (1979) (upholding verdict $4,333 more than highest estimate).

[5] See *Regional Pacesetters v. Halpern Enterprises*, 165 Ga. App. 777, 782-783 (2) (300 SE2d 180) (1983) (defendant must pay value of unjust enrichment).

[6] *White v. Arthur Enterprises*, 219 Ga. App. 124 (1) (464 SE2d 225) (1995); see *Watson v. Sierra Contracting Corp.*, 226 Ga. App. 21, 28 (c) (485 SE2d 563) (1997) (look from perspective of recipient).

trial order, the allegations and the evidence supported such a claim. Based on the evidence presented, the court, with no objection, announced this theory as a basis for recovery and later so instructed the jury, again with no exception.[7] A conversion claim is an intentional tort which will carry an award of attorney fees.[8]

3. The Yohs claim the court erred in not granting their motion for directed verdict on the quantum meruit and unjust enrichment claims. They argue the Daniels failed to show an anticipation of compensation.

But there was evidence the parties anticipated there would be compensation. OCGA § 9-2-7 sets forth the statutory presumption that "[o]rdinarily, when one renders service or transfers property which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof."[9] The Yohs, who authorized the Daniels to improve the house, accepted the improvements by moving back in and living there. The Yohs were aware the Daniels were improving the house beyond the minimum required by the lender. The Daniels improved the house with the intention of personally benefiting therefrom and not as a gratuity to the Yohs.

Furthermore, unlike quantum meruit, a claim for unjust enrichment does not require a showing of the anticipation of compensation. Quantum meruit relies on an implied promise of compensation.[10] This is in essence an implied contract.[11]

Unjust enrichment differs. "Even if no express or implied contract arose between the parties, an obligation to pay arises upon the theory of unjust enrichment where a benefit has been conferred upon the party sought to be held liable for the value, which is analogous to quantum meruit in that the duty to pay arises out of the receipt of a benefit. A party cannot receive and retain the benefit of another's labor without the duty to pay for the reasonable value of such work."[12] Thus, *Regional Pacesetters v. Halpern Enterprises*[13] held a

---

[7] See OCGA § 9-11-15 (b) (pleadings are amended to conform to the evidence); *Fruin-Colnon Corp. v. Air Door*, 157 Ga. App. 804, 806 (2) (278 SE2d 708) (1981) (evidence of new claim, received without objection, amends pleadings to include claim).

[8] *Stargate Software Intl. v. Rumph*, 224 Ga. App. 873, 878 (4) (482 SE2d 498) (1997).

[9] See *Watson*, supra, 226 Ga. App. at 28.

[10] *Fortner v. McCorkle*, 78 Ga. App. 76, 80 (2) (50 SE2d 250) (1948) (" 'from all the facts and circumstances it can reasonably be inferred that it is in the contemplation of the parties that the services are to be paid for' "); see *Smith Dev. v. Flood*, 198 Ga. App. 817, 820 (3) (b) (403 SE2d 249) (1991) (services rendered gratuitously do not give rise to an implied promise).

[11] *Watson*, supra, 226 Ga. App. at 28.

[12] (Citations omitted.) Id.; see *White*, supra, 219 Ga. App. at 124 (1) ("The unjust enrichment doctrine provides that a party shall not be allowed to profit or enrich itself inequitably at another's expense.").

[13] 165 Ga. App. at 782-783 (2).

jury could find unjust enrichment where the plaintiff had improved the leased premises believing it had a five-year extension on its lease. Whether defendant "induced plaintiff to expend sums of money which unjustly inured to [defendant's] benefit is indeed a question of material fact" for the jury.[14] Because an implied contract is not necessary for unjust enrichment, a showing of an expectation of compensation is not required.[15]

The trial court did not err in refusing to grant a directed verdict.

4. Pursuant to OCGA § 5-6-6, the Daniels moved for damages for frivolous appeal. The Yohs never disputed they had unilaterally breached the real estate contract. The Daniels brought this action to recover for the improvements to the Yohs' house in anticipation of the sale and to recoup for items stolen by the Yohs. It does not appear that there was any valid reason for the Yohs to anticipate reversal of the trial court's judgment.

We conclude that this appeal was brought only for purposes of delay. The Daniels' motion for ten percent damages for frivolous appeal is granted.[16] The clerk is directed to enter ten percent damages upon the remittitur.

*Judgment affirmed. Smith, J., concurs. McMurray, P. J., concurs in the judgment only and dissents in part.*

McMurray, Presiding Judge, concurring in the judgment only and dissenting in part.

While I agree that the judgment in this case should be affirmed, I cannot agree with all that is said in the majority's opinion and thus concur in the judgment only.

Furthermore, I respectfully dissent to the majority's imposition of a penalty upon appellants. In my view, it has not been established that this appeal is wholly frivolous. Moreover, such an endeavor as exercised by the majority serves only to inflict a chill upon the appeal process and thus impedes justice.

DECIDED FEBRUARY 18, 1998.

*Bandy & Stagg, Lawrence A. Stagg,* for appellants.
*Sawyer & Sawyer, Horace K. Sawyer III,* for appellees.

---

[14] Id. at 783.

[15] See also *Ga. Tile Distrib. v. Zumpano Enterprises,* 205 Ga. App. 487, 488-489 (1) (422 SE2d 906) (1992) ("there is no inherent inconsistency in concluding that no contractual agreement was reached but one party has benefited at the expense of another who must in fairness be compensated").

[16] See *Cunningham v. Tara State Bank,* 212 Ga. App. 470, 471 (442 SE2d 18) (1994).