A97A2284. ALLEN v. PEACHTREE AIRPORT PARK
JOINT VENTURE.
A97A2297. ANKROM v. PEACHTREE AIRPORT PARK
JOINT VENTURE.
(499 SE2d 690)

BEASLEY, Judge.

Pursuant to a two-year lease agreement, Peachtree Airport Park Joint Venture leased certain premises to Jim Suggs. After various discussions with Peachtree and with Jack Allen and Aubrey Ankrom, Suggs soon withdrew from the premises and Allen and Ankrom moved in. A document was prepared assigning the lease to Allen and Ankrom and obligating them to assume Suggs' covenants under the lease. The document also amended various terms of the lease. Peachtree, Allen, and Ankrom executed the document, but Suggs had disappeared and did not sign.

Within six months Allen and Ankrom ceased paying rent, claiming the premises were in disrepair even though, under the lease, they bore the burden of making those repairs.

After unsuccessfully demanding possession, Peachtree filed a dispossessory action against Allen and Ankrom and sought back rent, late fees, attorney fees, and interest. Not disputing possession, Allen and Ankrom apparently claimed at the unreported bench trial they owed no monies because Suggs had not executed the assignment document and they were therefore not bound to the lease provisions. The court found "[t]he testimony and the exhibits in this case leave

no doubt that the parties understood their agreement. The defendants were taking over the lease between the Plaintiff and Mr. Suggs subject to certain amendments which were negotiated between the parties. It is clear that the parties relied upon that lease . . . as amended by the [assignment document]. . . . [T]he parties intended to enter into a lease agreement and did so." The court awarded back rent, late fees, interest, and 15 percent attorney fees.

Allen and Ankrom separately appealed, raising three issues: (i) whether DeKalb State Court had "subject matter jurisdiction to determine equitable issues such as quantum meruit"; (ii) whether the entity signing the assignment document on behalf of Peachtree had authority to do so; and (iii) whether, absent Suggs' execution of the assignment document, Allen and Ankrom were bound by the provisions of Suggs' lease with Peachtree or were instead tenants at will.

1. The first issue is not properly before us, for the court did not base its judgment on any claims of quantum meruit, nor did Peachtree assert such a claim. The award was based on the written lease as amended. Besides, state courts have subject matter jurisdiction of quantum meruit claims, which are considered actions at law.[1]

2. Regarding the second issue, there is nothing in the record indicating any party ever contested the authority of the entity signing on behalf of Peachtree. Issues not raised below will not be considered on appeal.[2] Also, the court found a representative of Peachtree had signed the assignment document and that Peachtree had entered into the agreement, which necessarily would include a finding the representative had the authority to sign the agreement. There being no transcript of the trial, we must presume the ruling of the trial court was based on sufficient evidence.[3]

3. The third issue is whether Allen and Ankrom, as occupants of the premises, were bound to the provisions of the Suggs/Peachtree lease even though Suggs did not assign the lease to them. The answer is yes. Whether Suggs was bound is not at issue and is not instrumental to a determination of whether appellants are bound.

"It appears to be the settled law of this State that where premises are under lease, and someone other than the lessee or his recognized assignee occupies the premises in the guise of or as if he were a subtenant . . . and pays the rent stipulated in the lease directly to the landlord, the landlord has the exclusive prerogative to elect to treat the occupant then in possession as his tenant under the lease, thus binding both himself and the occupant to the conditions of the

---

[1] See *Bullock v. Bullock*, 162 Ga. App. 744 (1) (292 SE2d 872) (1982); *Spain v. Stubbs*, 156 Ga. App. 179, 180 (2) (274 SE2d 149) (1980).

[2] *Hobdy v. State*, 222 Ga. App. 625, 626 (475 SE2d 686) (1996).

[3] *Wright v. Archer*, 210 Ga. App. 607, 608 (1) (436 SE2d 775) (1993).

lease for the unexpired term."[4] In *Liberty Loan Corp. v. Leftwich*,[5] Liberty Loan, after the original lessee had abandoned certain leased premises, immediately occupied the premises without entering into any express agreement with the landlord. In response to Liberty's claim that its tenancy was on a monthly basis, the landlord stated it considered Liberty bound by the provisions of the original lease. The trial court correctly held the landlord's actions effected a substitution of tenants and bound Liberty to the original lease, as amended by agreement of landlord and substituted tenants.

"The landlord's election may be effected by an express recognition of the subtenant or be implied from affirmative acts and conduct. The election establishes privity of contract between the subtenant and the landlord and renders the former liable to the landlord as a tenant" occupying under and bound by the provisions of the lease.[6]

Allen and Ankrom began occupying the premises during the term of the Suggs lease with Peachtree. Peachtree openly elected to recognize them as tenants occupying under the lease. The document executed by the parties expressed their agreement to this relationship and to the terms of the lease as modified by the document. Whether Suggs signed this document and whether it constituted a valid assignment of the lease are irrelevant; all that was needed was a unilateral act or statement by Peachtree making the election which Allen and Ankrom had already made by their conduct. At that point both Peachtree and the defendants became bound to the lease. OCGA § 13-2-3.

Moreover, a subtenant's representation to the landlord that it had assumed the obligations of the lease, upon which the landlord relies, equitably estops the subtenant from taking an inconsistent position.[7] Under such circumstances, a valid assignment is not required for the landlord to recover from the subtenant under the lease.[8]

The trial court did not err in rendering judgment against Allen and Ankrom based on the provisions of the lease.

4. Pursuant to OCGA § 5-6-6, this Court is authorized to award damages for frivolous appeals. Based on their express representation that they assumed the obligations of the Suggs lease, Peachtree

---

[4] *Liberty Loan Corp. &c. v. Leftwich*, 118 Ga. App. 383, 384 (2) (163 SE2d 837) (1968).

[5] Id.

[6] *Step Ahead v. Lehndorff Greenbriar, Ltd.*, 171 Ga. App. 805, 806 (321 SE2d 115) (1984); see *Meadows v. Siegal*, 217 Ga. App. 59, 60 (456 SE2d 268) (1995); *Block v. Brown*, 199 Ga. App. 127, 129 (1) (404 SE2d 288) (1991).

[7] *Touch Indus. v. 75 Canton Business Park Ltd. Partnership*, 202 Ga. App. 548 (415 SE2d 40) (1992).

[8] Id.; see *Primo's, Inc. v. Clayton Common Assoc., Ltd.*, 197 Ga. App. 286, 289 (1) (398 SE2d 231) (1990).

allowed Allen and Ankrom to occupy the premises, and then sought only back rent and related collection fees occasioned by their breach. No valid reason appears for Allen and Ankrom to anticipate reversal of the trial court's judgment. We conclude that these appeals were brought only for purposes of delay.[9] The clerk is directed to enter ten percent damages upon the remittitur.

*Judgment affirmed with direction. Smith, J., concurs. McMurray, P. J., concurs as to Divisions 1, 2, and 3 and dissents as to Division 4.*

McMURRAY, Presiding Judge, concurring in part and dissenting in part.

Although this Court has found no merit in these appeals and while I agree that these cases should be affirmed, I cannot conclude these appeals were solely for purposes of delay. Consequently, I oppose this Court's sua sponte imposition of frivolous appeals damages. For this Court to award damages in this manner, the chill of winter would pervade the appeals process with the question: If I appeal, will I be assessed?

DECIDED MARCH 10, 1998 —
RECONSIDERATION DENIED MARCH 25, 1998

*Peevy & Lancaster, Gregory W. Lancaster*, for appellant (case no. A97A2284).

*Ralph J. Hunstein*, for appellant (case no. A97A2297).

*Wiles & Wiles, Lee B. Perkins, N. Jackson Cotney, Jr.*, for appellee.

---

[9] See *Cunningham v. Tara State Bank*, 212 Ga. App. 470, 471 (442 SE2d 18) (1994).