A05A1101. MORRIS et al. v. BRITT.
(620 SE2d 422)

ELLINGTON, Judge.

The Superior Court of Gwinnett County granted Michael Britt's motion for summary judgment on the counterclaim filed by Robert and Rubena Morris in Britt's dispossessory action. The Morrises appeal, contending jury issues remain on their equitable claim for unjust enrichment for the value of improvements they made to the subject real property. For the following reasons, we affirm.

> In reviewing a grant or denial of summary judgment, this Court conducts a de novo review of the evidence. To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the

---

[37] See USCR 25.1, supra.

light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Footnote omitted.) *English v. Fulton County Bldg. Auth.*, 266 Ga. App. 583 (597 SE2d 626) (2004).

The record shows the following undisputed facts. Britt agreed to sell a house to the Morrises for $65,000 under a lease-purchase agreement. The contract provided that the property would be transferred if the Morrises exercised the option to purchase by paying $2,500 plus accrued interest on or before June 5, 2000. The Morrises failed to exercise the purchase option by the specified date, but continued to make the required monthly payment through February 2003. In addition, the Morrises made certain repairs and additions to the house.

After the Morrises failed to make the required payment due March 5, 2003, Britt filed dispossessory proceedings. The trial court ordered the Morrises to pay rent into the registry of the court. When the Morrises failed to make a required payment, the trial court entered a writ of possession.

In a later order, the trial court granted Britt's motion for summary judgment on the Morrises' pending counterclaim which asserted a claim for unjust enrichment, seeking the value of the improvements they made to the house during their tenancy. Robert Morris deposed, based on the unsworn statement of another person, that the fair market price for the work they did to the property, including materials, labor, profit, and overhead, was $101,784. The trial court granted the motion for summary judgment based on its conclusion that the doctrine of unjust enrichment did not apply.

1. "The theory of unjust enrichment is basically an equitable doctrine that the benefitted party equitably ought to either return or compensate for the conferred benefits when there was no legal contract to pay." (Citations omitted.) *Hollifield v. Monte Vista Biblical Gardens*, 251 Ga. App. 124, 130 (2) (c) (553 SE2d 662) (2001). "The concept of unjust enrichment in law is premised upon the principle that a party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received." (Citation and punctuation omitted.) Id. at 131 (2) (c). For unjust enrichment to apply, "the party conferring the labor and things of value must act with the expectation that the other will be responsible for the cost." Id. Otherwise, that party, like one who volunteers to pay the debt of another, has no right to an equitable recovery. Id.

In this case, the undisputed evidence shows that the Morrises acted with the intention of personally benefitting from the repairs and additions to the house and without any expectation that Britt

would be responsible for the cost. Sadly, the Morrises failed to protect their investment in the property by exercising the option to purchase the property or by reaching some separate agreement with Britt concerning the improvements. Under these circumstances, the doctrine of unjust enrichment does not authorize their recovery. *Engram v. Engram*, 265 Ga. 804, 807 (2) (463 SE2d 12) (1995); *Hollifield v. Monte Vista Biblical Gardens*, 251 Ga. App. at 130-132 (2) (c).

2. The Morrises contend the trial court erred in failing to treat the lease-purchase agreement as a bond for title, that is, as the equivalent of a sale with a mortgage. Under that "unwieldy" and "nearly extinct" form of property transfer, they contend, a seller who dispossesses a purchaser is liable for the value of all improvements made by the purchaser while in possession, citing *Blitch v. Edwards*, 96 Ga. 606 (24 SE 147) (1895) and *Haygood v. Kennedy*, 27 Ga. App. 689 (109 SE 522) (1921).

It is undisputed, however, that the Morrises failed to exercise the purchase option in accordance with the contract. Accordingly, title was not transferred, and the trial court did not err in failing to treat the transaction as a sale with a mortgage.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED AUGUST 12, 2005 —
RECONSIDERATION DISMISSED AUGUST 31, 2005 — 

*Michael P. Froman*, for appellants.
*Webb, Tanner & Powell, Robert J. Wilson, Jason A. Mirabella*, for appellee.