## A08A2202. PARKS v. THOMPSON BUILDERS, INC.
### (675 SE2d 583)

SMITH, Presiding Judge.

Monica Parks sued Thompson Builders, Inc. for the return of her earnest money after she was unable to obtain financing to close on a home constructed by Thompson Builders.[1] The case proceeded to a jury trial, but at the close of the evidence, the trial court granted Thompson Builders's motion for directed verdict. The court ruled that the contract between the parties was unenforceable and that Parks was estopped from receiving the return of her earnest money because she failed to exercise due diligence to obtain financing. For the following reasons, we affirm in part, reverse in part, and remand this case for a new trial.

A directed verdict is proper only if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. OCGA § 9-11-50 (a). In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict. The standard used to review the grant or denial of a directed verdict is the any evidence test. *RHL Properties v. Neese*, 293 Ga. App. 838 (668 SE2d 828) (2008).

So viewed, the evidence reveals that Parks, a Florida resident, came to Georgia in November 2005, with the intention of looking for a home so she could move to Georgia with a childhood friend. Parks saw a model home in a subdivision being constructed by Thompson Builders and liked it. She met with Ginger Hudgins, secretary of Thompson Builders and mother of Keith Thompson, owner of Thompson Builders. Parks was told that she should select a lot and pay a $1,000 deposit, which she did. Parks returned the next day and signed a purchase contract, which reflected a purchase price of $415,900 and stated that Parks was to obtain a 30-year loan in an amount "TBD" (to be determined) at an interest rate "TBD." Parks

---

[1] Although it is not clear from the complaint or the pre-trial order what cause of action is being alleged, it appears to be unjust enrichment, and that is the issue upon which the trial court directed a verdict.

did not read the contract before signing it. It is undisputed that Parks paid a total of $16,000 in earnest money in four checks: November 12, 2005, $1,000; November 16, 2005, $5,000; November 21, 2005, $2,500; and February 19, 2006, $7,500.

Parks received a conditional loan approval on December 6, 2005, which reflected a loan amount of $332,720 and a sale price of $415,900. Although the conditional approval reflects differently, Parks thought the loan was for 100 percent of the purchase price minus her initial $1,000 payment. Parks acknowledged that there were a number of conditions attached to the loan and that she did not perform any of them.

In the interim, Thompson proceeded to build the home selected by Parks, and Parks ordered and paid for several upgrades and appliances for the home totaling $6,000. Parks never told Hudgins, with whom she dealt during the construction process, that she would not be able to close on the home.

Thompson Builders received the certificate of occupancy for the home on July 17, 2006. At the closing in July 2006, Parks for the first time advised Thompson that she could not close on the loan. Parks orally requested the return of her earnest money to no avail and subsequently filed suit. On January 15, 2007, the lender formally notified Parks that it was unable to approve her loan due to the fact that her income was insufficient to support her expenses.

The home was sold 18 months later by Thompson Builders for $400,000. Thompson testified that the company's carrying costs for the house prior to the sale were over $38,000.

At the conclusion of the evidence, the trial court directed a verdict in favor of Thompson Builders, finding that there was no binding contract because the loan amount and interest rate of the loan were not listed. Further, the trial court found that Parks was estopped from recovering her earnest money because of her failure to exercise due diligence in pursuing financing. The trial court also noted these facts: that Parks had not read the contract in its entirety; that she was unaware that her conditional loan was for only 80 percent of the purchase price; that she did not know she would be required to pay the remaining 20 percent; and that she could not pay that 20 percent. Parks disputed none of these facts.

On appeal, Parks contends the trial court erred in granting Thompson Builders's motion for directed verdict.

1. We hold that the trial court did not err here in finding as a matter of law that the contract was unenforceable. The contract did not list the loan amount or the interest rate on the loan. "The appellate courts of Georgia have consistently held that such a contract is too vague and indefinite to be enforced since the failure to specify at what rate the buyer is to obtain a mortgage loan causes a

YALE LAW LIBRARY

failure of a condition precedent to the enforceability of the contract." (Citations omitted.) *Homler v. Malas*, 229 Ga. App. 390, 391 (494 SE2d 18) (1997). The same would hold true for the failure to specify the amount of the loan. See, e.g., *Denton v. Hogge*, 208 Ga. App. 734, 734-735 (2) (431 SE2d 728) (1993) (contract too vague where loan not identified and contract states only that "[p]urchaser [is] to apply for assumption of loan"). The court therefore did not err in granting Thompson Builders's motion for directed verdict on this ground.

2. The trial court did err, however, in holding that Parks is estopped from recovering her earnest money. The contract provided in part that if the purchaser failed to obtain financing, "[p]urchaser shall not be entitled to a refund of its earnest money deposit." But where a contract is held unenforceable, the contract's "provision concerning forfeiture of the funds is also unenforceable." *O'Dell v. Pine Ridge Investments, LLC*, 293 Ga. App. 696, 700 (667 SE2d 912) (2008); see *Gateway Family &c. v. H.O.P.E. Foundation Ministries*, 244 Ga. App. 286, 288 (2) (535 SE2d 286) (2000) (buyer entitled to return of earnest money where property description in sales contract inadequate); see also *Woodall v. Williams*, 176 Ga. 343, 347 (167 SE 886) (1933) ("without a binding contract there can be no breach, ergo no damages for a breach"). As we have held in Division 1 that the real estate sales contract was unenforceable, the provision concerning the earnest money is also unenforceable. The trial court therefore erred in its conclusion that Parks could not recover her $16,000 in earnest money.

3. Both in her complaint and here on appeal, Parks contends that Thompson Builders was unjustly enriched by her payment of an additional $6,000 for upgrades and appliances. The trial court made no ruling with regard to this claim and summarily dismissed all of Parks's claims against Thompson Builders.

> Unjust enrichment is an equitable concept and applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for.

(Citation and punctuation omitted.) *Phillips v. Blankenship*, 251 Ga. App. 235, 236 (2) (554 SE2d 231) (2001).

Whether Thompson Builders received a benefit from the $6,000 in upgrades and appliances and should therefore reimburse Parks is an issue for the trier of fact. See *Regional Pacesetters v. Halpern Enterprises*, 165 Ga. App. 777, 782-783 (2) (300 SE2d 180) (1983) (issue of unjust enrichment properly reserved for jury). We therefore

remand this case for a trial on this issue only.

*Judgment affirmed in part, reversed in part, and case remanded with direction. Mikell and Adams, JJ., concur.*

DECIDED MARCH 18, 2009.

*Allan E. Alberga*, for appellant.
*Daniel S. Digby*, for appellee.