**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 10, 2015

# In the Court of Appeals of Georgia

A15A0691. ESTATE OF ANNIE CROOK et al. v. FOSTER.          DO-034

DOYLE, Chief Judge.

The estate of Annie Crook and Ralph Jackson, in his capacity as administrator of the estate (collectively, "the Estate"), sued Albert L. Foster for unjust enrichment. A jury found in favor of the Estate, awarding damages in the amount of $30,000, and the trial court entered a judgment. Thereafter, the trial court entered an order granting a judgment notwithstanding the verdict ("JNOV") and, alternatively, a motion for new trial. The Estate appeals that order, and we reverse for the reasons that follow.

The record shows that Crook owned a house in Peach County that was paid for and unencumbered by a mortgage. Crook and Foster began dating in 2003, and in August 2010, they decided to purchase a home in Dooly County. In order to purchase the Dooly County property, Crook executed a deed for her Peach County home to

secure the debt, and both Crook and Foster signed a note for $50,000 in favor of SunMark Bank ("the Bank").[1] The Dooly County home was titled in the name of both Crook and Foster as joint tenants with a right of survivorship.

In December 2010, Crook ended her relationship with Foster. Two months later, on February 15, 2011, Foster married another woman. On February 23, 2011, Crook filed a lawsuit to remove Foster from the deed on the Dooly County home and asserted a claim for unjust enrichment, alleging that Foster coerced her into putting his name on the deed for the Dooly County property; he did not contribute financially in any way to the purchase of the Dooly County home; and she needed to sell the Dooly County property and use the proceeds to pay off the mortgage on the Peach County property.[2]

Crook died on June 9, 2011.[3] Thereafter, her daughter, Angela Brock, moved into the Peach County home with her family and made the payments on the mortgage

---

[1] The couple put $43,000 of the loan towards the Dooly County home, purchasing it outright.

[2] Crook filed the lawsuit in the Superior Court of Dooly County, which transferred the case to Peach County, where Foster lived.

[3] The trial court subsequently entered a consent order to substitute the Estate as the plaintiff in the case.

signed by Crook and Foster. After about a year, Brock was unable to make the mortgage payments, and she moved out. A representative from the Bank contacted Foster about making payments, and Foster advised that he had no intention of paying the mortgage and would assist the Bank in the foreclosure process.[4] On October 3, 2012, the Bank foreclosed on the Peach County property. Because the property sold for more than the mortgage amount, the Bank did not pursue a deficiency judgment against Foster.[5] In February 2013, the Estate filed an amended complaint, asserting claims for breach of contract, unjust enrichment, and fraud.

The case proceeded to a jury trial solely on the Estate's claim for unjust enrichment.[6] After the Estate rested, Foster moved for a directed verdict, and the trial court orally denied the motion on the basis that there was clearly a jury question as

---

[4] Brock had also called Foster after his relationship with Crook ended to inquire about his intentions regarding the Dooly County house. According to Brock, Foster replied that he did not have to speak with them about it, and "the only thing he had to do was wait for the bitch to die and he would own it all."

[5] The property sold at auction for $47,564. At trial, a representative from the Peach County Tax Assessor's Office testified that the fair market value of the property was $91,000.

[6] During the trial, the court noted that there were two claims: unjust enrichment and "a third[-]party beneficiary claim." The trial court granted a directed verdict on the third-party beneficiary claim, and that ruling is not at issue on appeal.

3

to whether or not Crook gave Foster a gift or made a voluntary payment. Then, after both parties rested, Foster renewed his motion for a directed verdict, arguing only that there was "insufficient evidence . . . to show that [Foster] has had any undue enhancement of property or money." The trial court orally denied the motion and submitted the case for the jury's consideration, but noted that "it will be preserved for appella[te] purposes."

The jury returned a verdict in favor of the Estate, awarding damages in the amount of $30,000. The trial court entered a judgment in that amount, and the clerk entered a writ of fieri facias in the amount of $30,000. Thereafter, Foster filed a

motion for new trial.[7] The trial court entered an order granting a JNOV or, alternatively, a new trial pursuant to OCGA § 5-5-20. This appeal followed.

1. *JNOV*. The Estate argues that the trial court erred by entering a JNOV. We agree.

> When considering whether the trial court erred by granting [a] motion[] for . . . [JNOV], we review and resolve the evidence and any doubts or ambiguities in favor of the verdict . . . ; [a JNOV is] not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom *demands* a certain verdict. Thus, a [JNOV] may be granted only when, without weighing the credibility of the evidence, there can be but one

---

[7] Contrary to the assertion in Foster's appellate brief, he did not file a motion for JNOV. Nevertheless, in the order granting the JNOV, the trial court clarified that although it "could have and should have done a better job of explaining that it was reserving ruling on the legal issues involved in the directed verdict motion in order to do a more thorough job of reviewing the law on these points, . . . the [c]ourt nonetheless retained the option of considering the original motion after the return of a verdict." See *Brandvain v. Ridgeview Institute, Inc.*, 188 Ga. App. 106, 111-112 (1) (a) (372 SE2d 265) (1988) ("OCGA § 9-11-50 provides for the filing by the losing party of a [JNOV] motion but does not require one before the trial court may rule on a still-pending motion for directed verdict. Since the test for granting the [JNOV] is the same as the test for granting a directed verdict, making such a motion after a favorable ruling on the motion for directed verdict would be redundant if not a useless act. Thus, the trial court's ruling on the pending motion for directed verdict and grant of [JNOV] based on it without a formal motion for [JNOV] was not error.") (citations omitted), citing *Mayor & C. of Savannah v. Palmerio*, 242 Ga. 419, 420 (1) (249 SE2d 224) (1978).

reasonable conclusion as to the proper judgment. If the evidence is conflicting, or if insufficient evidence exists to make a 'one-way' verdict proper, [a JNOV] should not be granted.[8]

In the order granting the JNOV, the trial court concluded that

Foster has not been unjustly enriched because he received sole possession of the Dooly County [p]roperty via his right as a joint tenant with right of survivorship. . . . Foster did not retain a benefit that belonged to . . . Crook's Estate; rather[,] he received a benefit to which he is entitled via the interest in the property that . . . Crook voluntarily gave him.[9]

This finding by the trial court contradicts the trial court's earlier ruling that the question of whether Crook voluntarily gifted to Foster his interest in the Dooly County property was an issue for the jury to determine.

"Unjust enrichment is an equitable concept and applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred

---

[8] (Citation and punctuation omitted; emphasis supplied.) *Plane v. Uniforce MIS Svs. of Ga., Inc.*, 232 Ga. App. 757, 758 (503 SE2d 621) (1998), quoting *Dunaway v. Parker*, 215 Ga. App. 841, 849 (4) (453 SE2d 43) (1994).

[9] The trial court relied upon *First Bank of Ga. v. Robertson Grading, Inc.*, 328 Ga. App. 236, 247-248 (3) (761 SE2d 628) (2014), in which we reversed the denial of a motion for directed verdict as to unjust enrichment. Because our holding in that case was based upon the fact that the Georgia materialman's lien statute provided the plaintiff's sole remedy, it is inapplicable to this case.

6

a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for."[10]

> The concept of unjust enrichment in law is premised upon the principle that a party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received; otherwise the party has been unjustly enriched at the expense of another and, in fairness and good conscience, must reimburse the other to the extent of the value conferred. Inherent in unjust enrichment is the requirement that the receiving party knew of the value being bestowed upon them by another and failed to stop the act or to reject the benefit.[11]

Nevertheless,

> [e]ven where a person has received a benefit from another, he is liable to pay therefor only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it. The mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor. Thus, . . . one who makes

---

[10] (Citation and punctuation omitted.) *Parks v. Thompson Builders, Inc.*, 296 Ga. App. 704, 706 (3) (675 SE2d 583) (2009).

[11] *Reidling v. Holcomb*, 225 Ga. App. 229, 232 (2) (483 SE2d 624) (1997).

a gift or voluntarily pays money which [s]he knows [s]he does not owe confers a benefit[, but she is not] entitled to restitution.[12]

Whether (a) Crook gave Foster a gift or, (b) Foster received a benefit by unjustly retaining the Dooly County house while refusing to pay the mortgage on the Peach County house and should therefore reimburse the Estate, was "an issue for the trier of fact."[13] Therefore, the trial court erred by entering a JNOV.

---

[12] (Punctuation omitted.) *Stoker v. Bellemeade*, LLC, 272 Ga. App. 817, 819 (1) (615 SE2d 1) (2005), overruled on other grounds by *Bellemeade, LLC v. Stoker*, 280 Ga. 635 (631 SE2d 693) (2006), quoting Restatement of Restitution, § 1, Unjust Enrichment, cmt. c (1937).

[13] *Parks*, 296 Ga. App. at 706 (3). See *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 137-138 (1) (508 SE2d 646) (1998); *Morris v. Britt*, 275 Ga. App. 293, 294-295 (2) (620 SE2d 422) (2005). Foster argues that the fact that he and Crook were both parties to the mortgage precludes the Estate's claim for unjust enrichment because that doctrine applies only when, as a matter of fact, there is no legal contract. See *Tuvim v. United Jewish Communities, Inc.*, 285 Ga. 632, 635 (2) (680 SE2d 827) (2009). Pretermitting whether the mortgage agreement obligating Crook and Foster to pay the mortgage on the Peach County house constitutes a "contract" that would preclude a claim for unjust enrichment, Foster did not make this argument to the trial court in support of its motion for directed verdict. Instead, Foster argued generally that "[there is not] enough evidence to show that there's been any undue enhancement or enrichment of the [the Estate] in this case." Because Foster did not state the specific ground upon which he now argues on appeal, "we will not consider that ground on appeal." *Cordell & Cordell, P.C. v. Gao*, ___ Ga. App. ___, ___ (4) (b) (771 SE2d 196) (2015).

8

2. *Motion for new trial*. The Estate further contends that the trial court erred by granting Foster's motion for new trial. We agree.

Concluding that "the facts simply do not permit a finding of unjust enrichment as a matter of law," the trial court granted Foster's motion for new trial, specifically citing OCGA § 5-5-20, which provides: "In any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the judge presiding may grant a new trial before another jury."

A timely motion for new trial under this Code section

require[s] the trial judge to exercise a broad discretion to sit as a "thirteenth juror." In exercising that discretion, the trial judge must consider some of the things that [he] cannot when assessing the legal sufficiency of the evidence, including any conflicts in the evidence, the credibility of witnesses, and the weight of the evidence. Although the discretion of a trial judge to award a new trial on the general grounds is not boundless – it is, after all, a discretion that should be exercised with caution and invoked only in exceptional cases in which the evidence preponderates heavily against the verdict, – it nevertheless is, generally speaking, a substantial discretion.[14]

---

[14] (Citations and punctuation omitted.) *White v. State*, 293 Ga. 523, 524-525 (2) (753 SE2d 115) (2013).

9

Here, there was evidence that Foster agreed to pay the mortgage on the Peach County home so he and Crook could purchase the Dooly County property, later refused to make the mortgage payments and allowed the Peach County property to be foreclosed upon, and then, following Foster's death, became the sole owner of the Dooly County property unencumbered by a mortgage. Under these circumstances, the subsequent verdict in favor of the Estate was not, as a matter of law, "contrary to [the] evidence and principles of justice and equity."[15] Thus, the trial court abused its discretion by granting Foster's motion for new trial.

*Judgment reversed. Phipps, P. J., and Boggs, J., concur.*

---

[15] OCGA § 5-5-20.