**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 8, 2016**

# In the Court of Appeals of Georgia

A16A0239. CAMPBELL v. AILION et al.

BRANCH, Judge.

Jolaunda Boone Campbell filed suit in Cobb County State Court against Bruce Ailion and two LLCs that Campbell alleges Ailion controls: ATL Investments, LLC, and Next Chapter Investments, LLC (collectively, the defendants are referred to herein as "Ailion"). Campbell's complaint asserted two claims, one of which she labeled "Theft of Labor and Materials," and the other of which she captioned "Mental Anguish and Emotional Distress and Attorney[ ] Fees." Ailion moved to dismiss the complaint for failure to state a claim upon which relief could be granted. Following a hearing, the trial court granted that motion and dismissed Campbell's complaint with prejudice. Campbell now appeals from that order. For the reasons explained

below, we reverse the order of the trial court and remand the case for proceedings consistent with this opinion.

We review de novo a trial court's determination that a pleading fails to state a claim upon which relief can be granted, treating all material allegations set forth in the complaint as true, treating all denials set forth in the answer as false, and resolving any doubts in favor of the plaintiff. *Wylie v. Denton*, 323 Ga. App. 161, 162-163 (746 SE2d 689) (2013); *Center for a Sustainable Coast v. Ga. Dept. of Natural Resources*, 319 Ga. App. 205-206 (734 SE2d 206) (2012), rev'd on other grounds, 294 Ga. 593 (755 SE2d 184) (2014).

In support of Count I of her complaint, captioned "Theft of Labor and Materials," Campbell alleged that she and Ailion entered into an oral agreement for Campbell to oversee the rehabilitation of a residential investment and\or rental property located in Atlanta and owned by Ailion or related entities.[1] Ailion provided Campbell with a budget of $72,275 and an itemized list of repairs and improvements to be made to the property. Although Campbell was not to be compensated for her time, the parties agreed that she would retain contractors to perform the repairs and

---

[1] In the alternative, the complaint appears to allege that Ailion was acting as the authorized agent of the property's owner.

improvements, that she would fund the work, and that Ailion would then reimburse Campbell. Campbell thereafter spent $43,000 making repairs and improvements to the property, but Ailion only reimbursed her for $26,000, leaving a balance owed of $17,000. Campbell further alleges that Ailion entered into this agreement knowing that Ailion did not intend to reimburse her for any of the work she funded.

In support of Count II of her complaint, captioned "Mental Anguish and Emotional Distress and Attorney Fees," Campbell alleged that Ailion acted intentionally and in bad faith and that its refusal to reimburse her has caused and continues to cause her "mental anguish and emotional distress." She further contended that Ailion has caused her "unnecessary trouble and expense," including forcing her to hire an attorney to file suit in an effort to recover the amounts owed. Campbell therefore requested that the trial court award her compensatory damages, punitive damages, interest on the amount owed, and reasonable costs and attorney fees.

Ailion moved to dismiss the complaint, asserting that Georgia does not recognize a cause of action for civil theft. Ailion further asserted that because Georgia does not recognize a cause of action for civil theft, Campbell could not premise her claim for emotional anguish on such a theft. Additionally, Ailion argued that

3

Campbell could not pursue both of her claims simultaneously, as both were predicated on the same conduct.[2] In her response, Campbell pointed out that the allegations of her complaint supported, at the very least, a claim for breach of contract.

Following a hearing at which it heard oral argument from the parties, the trial court granted Ailion's motion to dismiss. In its order, the trial court held that Count I failed as a matter of law because Georgia does not recognize a civil cause of action for theft. Additionally, the trial court found that Count I could not state a breach of contract claim because Campbell acknowledged "that she was not to be compensated

[2] In its reply brief in support of its motion to dismiss, Ailion argued that the current action is related to a previous lawsuit filed by Campbell against a different corporate defendant. Ailion alleged that the previous lawsuit was also based on the improvements Campbell made to the property at issue, and it attached to its reply brief a number of exhibits related to the prior lawsuit. The trial court, however, appropriately declined to take notice of any documents attached to Ailion's reply brief. As we have explained before, documents attached to a "brief in support of [a] motion to dismiss . . . cannot be considered in deciding the motion to dismiss." *Babalola v. HSBC Bank, USA, N.A.*, 324 Ga. App. 750, 751, n. 4 (751 SE2d 545) (2013). "Although a trial court has the option to consider evidence attached to a motion to dismiss and brief in support thereof, when it does so it converts the motion to dismiss into a motion for summary judgment, governed by OCGA § 9-11-56. In accordance with this procedure, the trial court has the burden of informing a plaintiff that it will be considering exhibits attached to the defendant's motion to dismiss and that the plaintiff would have no less than 30 days within which to submit his own evidence in response to the motion for summary judgment." Id. (citations and punctuation omitted).

for the services she allegedly performed." With respect to Count II, the trial court found that "a claim for damages for mental anguish and emotional distress will not lie where, as in this case, the plaintiff is also claiming pecuniary damages." The court further found that even though the allegations of Campbell's complaint might support a claim of fraud, Campbell had failed to "adequately plead" such a claim. Campbell now appeals from the order of dismissal.

> Under current Georgia law, it is not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. Rather, the Georgia Civil Practice Act requires only notice pleading and, under the Act, pleadings are to be construed liberally and reasonably to achieve substantial justice consistent with the statutory requirements of the Act. Thus, a motion to dismiss for failure to state a claim should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. Put another way, if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.

*Babalola v. HSBC Bank, USA, N.A.*, 324 Ga. App. 750, 752 (2) (751 SE2d 545) (2013) (citations and punctuation omitted). See also, *Charles H. Wesley Ed. Foundation v. State Election Bd.*, 282 Ga. 707, 713-714 (1) (654 SE2d 127) (2007)

(the Civil Practice Act requires only that a complaint "give the defendant fair notice of what the claim is and a general indication of the type of litigation involved; the discovery process bears the burden of filling in details") (punctuation and footnote omitted); *Lathem v.Hestley*, 270 Ga. 849, 850 (514 SE2d 440) (1999) ("the issue is not whether the petition pled a claim in an ideal manner but whether it sufficiently gave [defendant] fair notice of the claim and a general indication of the type of litigation involved") (citations omitted). Here, the allegations of Campbell's complaint gave Ailion fair notice that Campbell was asserting a claim for breach of an oral contract. Alternatively, those allegations would also support a cause of action for unjust enrichment (breach of an implied contract), promissory estoppel, and fraud.[3]

---

[3] In its brief, Ailion asserts that Campbell is now barred from asserting that her complaint states a claim for anything other than "Theft of Labor and Materials" and "Mental Anguish and Emotional Distress." Specifically, Ailion contends that because Campbell did not use the words "breach of contract," or "unjust enrichment," she is now barred from arguing that her complaint asserts such claims. This argument, however, confuses appeals from the grant of a motion to dismiss under OCGA § 9-11-12 (b) (6) with appeals from a final judgment entered after a case has been fully litigated on the merits. In the latter situation, a party may not raise a new issue or claim for the first time on appeal. *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002) ("absent special circumstances, an appellate court need not consider arguments raised for the first time on appeal" from a grant of a summary judgment) (footnotes omitted); *Williamson v. Strickland & Smith*, 296 Ga. App. 1, 5 (5) (673 SE2d 858) (2009) (on appeal from a final judgment entered following trial,

6

1. Under Georgia law, an enforceable contract may exist even though it "rests only in words as remembered by witnesses." OCGA § 13-1-5 (b). See also *Cline v. Lee*, 260 Ga. App. 164, 168 (1) (581 SE2d 558) (2003). To assert a claim for the breach of such a contract, a plaintiff must allege that the parties agreed to the terms of the contract, that consideration was given for the contract, that the defendant

---

a party may not raise an issue not raised in the court below). This rule results from the fact that appellate courts "are courts for the correction of errors of law made by the trial courts . . . [and] [a]n error of law has as its basis a specific ruling made by the trial court." *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999) (citation omitted). On appeal from the grant of a motion to dismiss however, the question is whether the trial court erred, as a matter of law, in finding that "the pleadings show a complete failure by the plaintiff to state a cause of action." *Wylie*, 323 Ga. App. at 162-163. Thus, because claims for breach of contract, unjust enrichment, promissory estoppel, and fraud could be fairly inferred from the allegations of Campbell's complaint, her failure to plead these precise causes of action cannot result in the dismissal of her complaint with prejudice. See *Gosule v. Bestco, Inc.*, 227 Ga. App. 863, 866 (2) (a) (490 SE2d 532) (1997) (reversing a grant of summary judgment based on the pleadings where the trial court failed to acknowledge the plaintiff's claim for quantum merit; although the complaint contained "no claim for quantum merit and no details outlining such a claim," the plaintiff was not barred from asserting that theory of recovery, given that it could be fairly inferred from the allegations of the complaint); *Ambrose v. Sheppard*, 241 Ga. App. 835, 836-837 (528 SE2d 282) (2000) (although plaintiffs' complaint did not specifically assert a claim for promissory estoppel, they could nevertheless pursue that cause of action where the complaint alleged "facts sufficient to put [the defendant] on notice of such a claim") (citation omitted). See also *Scott v. Scott*, 311 Ga. App. 726, 729 (1) (716 SE2d 809) (2011) ("it is no longer necessary for a complaint to set forth all of the elements the cause of action in order to survive a motion to dismiss") (citations omitted); *Lathem*, 270 Ga. at 850.

thereafter breached the agreement, and that the plaintiff suffered damages as a result of the breach. See *Cline*, 260 Ga. App. at 168 (1). Here, the trial court found that Campbell could not state a claim for breach of an oral contract because she "acknowledges that she was not to be compensated for the services she allegedly performed." Thus, the trial court appears to have concluded that any oral contract would fail for lack of consideration. The flaw in the court's reasoning is that it assumes only monetary compensation can serve as the good and valuable consideration required for a contract. Georgia law is clear, however, that things other than money may constitute contractual consideration. See id. (finding an enforceable oral contract where a builder agreed to construct homes in a particular subdivision in exchange for certain promises from the developer). See also OCGA § 13-3-43 ("[i]f the requirement of consideration is met, there is no additional requirement of a gain, advantage, or benefit to the promisor or of a loss, disadvantage, or detriment to the promisee"). Here, Campbell alleged that she agreed to oversee the renovation and rehabilitation of certain real property in which Ailion had an interest in exchange for Ailion's promise to reimburse her for certain budgeted expenditures. These allegations are sufficient to at least state a claim for breach of an oral contract. See *Cline*, 260 Ga. App. at 168 (1).

8

2. Alternatively, Campbell's complaint also states a claim for unjust enrichment.

> A claim of unjust enrichment will lie if there is no legal contract and the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for. The concept of unjust enrichment in law is premised upon the principle that a party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received.

*Jones v. White*, 311 Ga. App. 822, 827-828 (1) (b) (717 SE2d 322) (2011) (citations and punctuation omitted). Thus, a claim for unjust enrichment exists where a plaintiff asserts that the defendant induced or encouraged the plaintiff to provide something of value to the defendant; that the plaintiff provided a benefit to the defendant with the expectation that the defendant would be responsible for the cost thereof; and that the defendant knew of the benefit being bestowed upon it by the plaintiff and either affirmatively chose to accept the benefit or failed to reject it. See *Crook v. Foster*, 333 Ga. App. 36, 39 (1) (775 SE2d 286) (2015); *Morris v. Britt*, 275 Ga. App. 293, 294 (1) (620 SE2d 422) (2005).

Here, Campbell's complaint alleges that Ailion, acting as an agent for the property owner and/or acting for Ailion's own benefit, induced Campbell to spend

9

her own money improving property owned either by Ailion or the entity for whom Ailion was acting as an agent; that it did so by promising Campbell that she would be reimbursed for any monies she spent making certain, itemized improvements; that Ailion was aware of the value of the improvements Campbell funded; and that Ailion has now refused to honor its promise to reimburse Campbell. These allegations are sufficient to state a claim against Ailion for unjust enrichment. Id. See also *Maloy v Ewing*, 157 Ga. App 95, 96 (4) (276 SE2d 145) (1981) (where defendant acted as agent for corporate entity that owned real property and held a controlling interest in that entity, defendant could be held liable on the equitable theory of quantum meruit for work done on the property; "[u]nder those circumstances, the jury was entitled to infer that the work done by plaintiffs was of benefit to the defendant personally").

Ailion attempts to avoid this result by arguing that a cause of action for unjust enrichment will lie only in the absence of an express contract. See *Ga. Dept. of Community Health v. Data Inquiry*, 313 Ga. App. 683, 687 (2) (722 SE2d 403) (2012) ("[u]njust enrichment is an equitable principle that may be applied when there is no valid written contract between the parties") (citation omitted). And because Campbell's complaint alleges the existence of an enforceable oral contract between the parties, Ailion contends that Campbell may not pursue recovery based on the

equitable theory of unjust enrichment. This argument, however, ignores the fact that "Georgia law . . . permits a plaintiff to proceed to trial on alternative theories of recovery." *Wingate Land & Dev. v. Robert C. Walker, Inc.*, 252 Ga. App. 818, 821 (1) (558 SE2d 13) (2001) (footnote omitted). Thus,

> [i]f [a factfinder] concludes that [Ailion] is liable on [Campbell's] breach of contract theory, the issue of [Ailion's] liability under the alternative theories of unjust enrichment and implied contract would become moot. Conversely, if the [factfinder] concludes that [Ailion] did not breach any express contract, questions of fact would exist as to whether [Ailion] is liable under these [alternative] theories.

*Fed. Ins. Co. v. Westside Supply Co.*, 264 Ga. App. 240, 248 (8) (590 SE2d 224) (2003).

3. Georgia law also provides a cause of action under the equitable doctrine of promissory estoppel. See OCGA § 13-3-44 (a). The elements of such a cause of action "are that the defendant made a promise upon which he reasonably should have expected the plaintiff to rely, the plaintiff relied on the promise to his detriment, and injustice can be avoided only by enforcing the promise because the plaintiff forwent a valuable right." *Vernon v. Assurance Forensic Accounting*, 333 Ga. App. 377, 394 (6) (774 SE2d 197) (2015) (citation omitted). See also *Sun Pacific Enterprises v.*

11

*Girardot*, 251 Ga. App. 101, 104 (1) (553 SE2d 638) (2001). In this case, the allegations in Campbell's complaint that would support a claim for unjust enrichment would also support a claim for promissory estoppel. Id.

4. As the trial court acknowledged, Campbell's complaint also set forth the elements of a fraud claim. Specifically, Campbell alleged that Ailion represented to her that it would reimburse Campbell if she made certain improvements to the property at issue; that Ailion made this representation with the knowledge that it was false – i.e., knowing that it did not intend to reimburse Campbell; that Campbell justifiably relied on this intentional misrepresentation; and that Campbell suffered damages as a result. See *Vernon*, 333 Ga. App. at 390 (3) (outlining the elements of a fraud claim under Georgia law). Despite these allegations, however, the trial court found that the complaint failed to plead fraud with sufficient particularity, and that the alleged fraud claim was therefore subject to dismissal under OCGA § 9-11-12 (b) (6). This ruling was in error.

Even assuming Campbell's complaint failed to set forth a claim for fraud with sufficient particularity, "[t]he proper remedy" for any such insufficiency is an order requiring "a more definite statement, not a dismissal of the complaint or judgment on the pleadings, at least so long as the plaintiff is able and willing to amend his

12

pleadings to conform to the statutory requirements." *Stewart v. Suntrust Mtg.*, 331 Ga. App. 635, 637 (1), n. 2 (770 SE2d 892) (2015) (citations and punctuation omitted). On remand, therefore, the trial court may order Campbell to plead a more definite statement of her fraud claim, provided the order identifies "the ways in which [her current] complaint fails to conform to the pleading requirements of the Civil Practice Act." *Babalola*, 324 Ga. App. at 755 (2) (c) (citation and punctuation omitted).

For the reasons set forth above, the order of the trial court dismissing Campbell's complaint with prejudice is reversed, and the case is remanded for proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. Ellington, P. J., and Mercier, J., concur*.