**FIFTH DIVISION
MCFADDEN, P. J.,
BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 23, 2018**

# In the Court of Appeals of Georgia

A17A1509. SITTERLI v. CSACHI.

MCFADDEN, Presiding Judge.

This appeal challenges a final judgment, entered after a bench trial, in favor of the defendant as to the plaintiff's quantum meruit and unjust enrichment claims. Because the trial court's findings of fact were supported by some evidence and there has been no showing of legal error, we affirm.

"In reviewing a bench trial, we view the evidence in the light most favorable to the trial court's rulings, defer to the trial court's credibility judgments, and will not set aside the trial court's factual findings unless they are clearly erroneous." *Gibson v. Gibson*, 301 Ga. 622, 624 (801 SE2d 40) (2017) (citations omitted).

So viewed, the evidence shows that Ecaterina Csachi rented a room in her house to Adrian Sitterli. Thereafter, Sitterli married Csachi's daughter, who also

moved into the house. While Csachi was on a trip out of the country, Sitterli began making renovations to Csachi's house. Csachi told Sitterli that she could not pay for renovations, but indicated that after her death the house would belong to her daughter and Sitterli. Sitterli did further work on the house, but he and Csachi's daughter later divorced. The daughter moved out of the house, while Sitterli continued living there for several months.

Csachi subsequently filed a dispossessory action against Sitterli in magistrate court, and Sitterli counterclaimed for the value of the alleged improvements made to the property. The dispossessory action was resolved when Sitterli moved out of the house and the magistrate court issued a writ of possession, and his counterclaim was then transferred to superior court. After a bench trial, the superior court entered final judgment in favor of Csachi on the quantum meruit and unjust enrichment claims of Sitterli. The trial court denied Sitterli's motion for new trial, and this appeal followed.

1. *Quantum meruit.*

Sitterli argues that the trial court erred in finding that he had not satisfied an essential element for his quantum meruit claim. We disagree.

> The essential elements of a claim of quantum meruit are that the provider performed services valuable to the recipient that were requested by or knowingly accepted by the recipient, that the recipient's receipt of

2

the services without compensating the provider would be unjust, *and that the provider expected compensation at the time the services were performed.*

*One Bluff Drive, LLC v. K. A. P., Inc.*, 330 Ga. App. 45, 47 (1) (766 SE2d 508) (2014) (citations omitted; emphasis supplied). Here, the trial court found that Sitterli had made improvements to Csachi's house for his own benefit and had failed to show that he expected compensation at the time those renovations were made. There was evidence to support these findings, including testimony that Csachi had told Sitterli that she did not have money to pay for the renovations, that Sitterli had no agreement with Csachi to make improvements to the house, and that Sitterli made the improvements to benefit himself and his former wife.

In arguing otherwise, Sitterli cites *Terrell v. Pippart*, 314 Ga. App. 483 (724 SE2d 802) (2012), for the proposition that an expectation of receiving an ownership interest in realty satisfies the expectation of compensation element of a quantum meruit claim. In *Terrell*, this court found that there was some evidence to support a jury's award on a quantum meruit claim where there was testimony that the plaintiff expected compensation in the form of joint ownership of a house he was building. Id. at 484 (1). That finding in *Terrell* does not control the instant case, which sits in the exact opposite procedural posture. That is, rather than looking for any evidence to

support a verdict and judgment for the plaintiff as in *Terrell*, in this case we are reviewing a bench trial judgment in favor of the defendant. Thus, while there was some evidence to support the plaintiff's verdict in *Terrell*, that case does not mandate that the trial court in the instant case, sitting as the finder of fact, was obligated to find that Sitterli had satisfied the expectation of compensation element for his particular claim. "At a bench trial, the trial court can determine when essential facts have not been proved. The trial court's determination as a trier of fact will be reversed only where the evidence demands a contrary finding." *Smith v. Ga. Kaolin Co.*, 269 Ga. 475, 476 (1) (498 SE2d 266) (1998) (citations and punctuation omitted). Even if the evidence was in conflict, because there was some evidence supporting the trial court's finding that Sitterli had not shown an expectation of compensation at the time of the services rendered, the evidence does not demand a contrary finding and we must affirm the trial court's judgment. See *DeNapoli v. Owen*, 341 Ga. App. 517, 518 (801 SE2d 314) (2017) (on appeal from entry of judgment following a bench trial, we defer to any factual findings made by that court if there is any evidence to sustain them).

2. *Unjust enrichment.*

Sitterli enumerates that the trial court erred in ruling that his unjust enrichment claim required a showing that he had an expectation that Csachi would be responsible for the remodeling costs. The enumeration is without merit.

"Unjust enrichment is an equitable concept and applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for." *Estate of Crook v. Foster*, 333 Ga. App. 36, 39 (1) (775 SE2d 286) (2015) (citation and punctuation omitted).

> [A] claim for unjust enrichment exists where a plaintiff asserts that the defendant induced or encouraged the plaintiff to provide something of value to the defendant; *that the plaintiff provided a benefit to the defendant with the expectation that the defendant would be responsible for the cost thereof*; and that the defendant knew of the benefit being bestowed upon it by the plaintiff and either affirmatively chose to accept the benefit or failed to reject it.

*Campbell v. Ailion*, 338 Ga. App. 382, 387 (2) (790 SE2d 68) (2016) (citations omitted; emphasis supplied). Thus, "[f]or unjust enrichment to apply, the party conferring the labor and things of value must act with the expectation that the other will be responsible for the cost. Otherwise, that party, like one who volunteers to pay the debt of another, has no right to an equitable recovery." *Morris v. Britt*, 275 Ga. App. 293, 294 (1) (620 SE2d 422) (2005) (citations and punctuation omitted). Accord

5

*Engram v. Engram*, 265 Ga. 804, 807 (2) (463 SE2d 12) (1995) (rejecting appellant's unjust enrichment claim on ground that the evidence showed "the parties never intended that appellees be responsible for the cost of the bedroom addition"); *Jones v. White*, 311 Ga. App. 822, 828 (1) (b) (717 SE2d 322) (2011) (noting that unjust enrichment requires party conferring labor to act with expectation that the party receiving the benefit is responsible for the cost); *Hollifield v. Monte Vista Biblical Gardens*, 251 Ga. App. 124, 131 (2) (c) (553 SE2d 662) (2001) (reciting that for unjust enrichment to apply, the party providing labor and things of value must act with the expectation that the recipient will be responsible for the cost). Accordingly, contrary to Sitterli's contention, the trial court did not err in ruling that the unjust enrichment claim required a showing that Sitterli acted with an expectation that Csachi would be responsible for the cost of the renovations.

We note that Sitterli's reliance on *Yoh v. Daniel*, 230 Ga. App. 640 (497 SE2d 392) (1998), to support his claim of error is misplaced. As an initial matter, the decision in *Yoh* is non-binding, physical precedent only. See Court of Appeals Rule 33.2 (a) (1). Moreover, the dicta in *Yoh* upon which Sitterli relies is not contrary to the well-settled law on unjust enrichment set out above and cited by the trial court in its final judgment. In *Yoh*, this court stated: "Quantum meruit relies on an implied

6

promise of compensation. This is in essence an implied contract. Unjust enrichment differs. . . . Because an implied contract is not necessary for unjust enrichment, a showing of an *expectation of compensation* is not required." Id. at 642-643 (3) (emphasis supplied).

Contrary to Sitterli's argument, the trial court did not contradict this statement in *Yoh* by citing the well-settled law that for unjust enrichment to apply, a party conferring a benefit "must act with the *expectation that the other will be responsible for the cost*." *Morris*, supra (citation and punctuation omitted; emphasis supplied). An expectation of compensation for one's services, as referenced in *Yoh* as an element of quantum meruit, is different from the expectation of responsibility for costs that is an element of unjust enrichment. As Sitterli has shown no legal error in the trial court's ruling, we affirm.

*Judgment affirmed. Branch and Bethel, JJ., concur.*