**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS
COURT. ALL FILINGS MUST BE SUBMITTED WITHIN
THE TIMES SET BY OUR COURT RULES.*

**October 5, 2020**

# In the Court of Appeals of Georgia

A20A0849. MILLER v. HIAWASSEE ALLEN FAMILY, LLC. et al.

Pipkin, Judge.

The parties to this case, appellant Mary Miller and appellee Jacques Elfersy, entered into a contract for the purchase of real estate. Elfersy was unable to obtain financing for the loan and the loan did not close as scheduled. A dispute arose over who was entitled to the earnest money, and an interpleader action was filed. The trial court granted summary judgment to Elfersy and held that he was entitled to the return of the earnest money. Miller then filed this appeal. As more fully set forth below, we now reverse.

The record shows the following facts relevant to this appeal. On June 17, 2017, the parties entered into a pre-printed Purchase and Sale Agreement ("Agreement")

pursuant to which Elfersy would purchase property Miller owned in Hiawasee, Georgia. The Agreement specified a closing date of August 30, 2017, but closing was dependent upon Elfersy obtaining financing, as was more particularly set out in a pre-printed "Conventional Loan Contingency" ("financing contingency"), which was made a part of the Agreement. The financing contingency gave Elfersy 35 days from the date that the Agreement became binding to obtain a loan under the terms contained therein. The financing contingency also set out the loan amount – 80 percent of the purchase price – and the term of the loan – 30 years – at a fixed rate of interest, but the line where the interest rate should have been filled in was left blank. The Agreement also provided that Elfersy would pay earnest money in the amount of $10,000, to be held by Hiawassee Allen Family, LLC, d/b/a Mountain Realty ("Mountain Realty"), and the conditions governing the entitlement and disbursement of the earnest money were further set out in the Agreement.

Elfersy encountered difficulty securing a loan, and on July 24, 2017, he executed an amendment to the Agreement purporting to extend the financing contingency until August 20, 2017; however, it does not appear that Miller ever agreed to this extension. A separate amendment to change the closing date to September 26, 2017, was signed by Elfersy on September 5, 2017, and by Miller on

2

September, 11, 2017; however, it is unclear whether this amendment became effective because Miller made a change to the document and Elfersy did not resign it.

On September 29, 2017, Miller gave Elfersy notice that she was relisting the property, and on November 13, 2017, Elfersy signed a notice of termination of the Agreement based on the "failure" of the financing contingency; he also sought return of the earnest money. Miller countered that Elfersy had breached the Agreement and that the earnest money should be disbursed to her instead. On August 16, 2018, Mountain Realty filed a petition for interpleader and paid the earnest money into the registry of the trial court. Elfersy filed a response and cross-claim to the interpleader petition, asserting that the Agreement was void and unenforceable due to vagueness. Miller also answered and cross-claimed, as amended, contending that Elfersy had breached the Agreement by failing to close by the closing date and by failing to comply with the terms of the financing contingency.

Elfersy filed a motion for summary judgment, contending among other things that the Agreement was unenforceable due to the omission of the interest rate in the financing contingency. Miller filed a response and "alternative" summary judgment motion, contending that a jury should decide whether Elfersy had waived the alleged defect in the financing contingency by failing to raise it prior to terminating the

Agreement. The trial court subsequently ruled in Elfersy's favor, finding that Miller had failed to present evidence supporting a waiver and that, therefore, the Agreement was void and unenforceable and Elfersy was entitled to return of the earnest money.

The appellate courts of Georgia have consistently held that a contract that contains a financing contingency but fails to specify an interest rate for the loan is too vague and indefinite to be enforced. *Parks v. Thompson Builders, Inc.*, 296 Ga. App. 704, 705-706 (1) (675 SE2d 583) (2009); *Homler v. Malas*, 229 Ga. App. 390, 391 (494 SE2d 18) (1997). However, it is equally well-established that a purchaser may waive a financing condition that is for his benefit, including defects or omissions that would otherwise render the contract unenforceable. *Brack v. Brownlee*, 246 Ga. 818, 820 (273 SE2d 390) (1980).

> [A]ny such waiver may be accomplished expressly or implicitly through a party's conduct. But the law will not infer the waiver of an important contract right unless the waiver is *clear and unmistakable*. And because waiver is not favored under the law, the evidence relied upon to prove waiver must be so clearly indicative of an intent to relinquish a then known particular right or benefit as to exclude any other reasonable explanation. Indeed, all the attendant facts, taken together, must amount to an intentional relinquishment of a known right, in order that a waiver may exist. The burden of proof lies with the party asserting waiver and, although generally a jury question, when the facts and circumstances

4

essential to the waiver issue are clearly established, waiver becomes a question of law.

(Punctuation omitted; emphasis in original.) *Vratsinas Constr. Co. v. Triad Drywall, LLC*, 321 Ga. App. 451, 453-454 (1) (739 SE2d 493) (2013).

Here, we cannot say that the "facts and circumstances essential to the waiver issue are clearly established." Id. Miller states in her brief on appeal that Elfersy did not raise the issue of the missing interest rate "at any time prior to litigation" and argues that his "protracted silence" constitutes evidence of waiver. See *Greenberg Farrow Architecture, Inc. v. JMLS 1422, LLC*, 339 Ga. App. 325, 332 (2) (791 SE2d 635) (2016) ("In particular, a party's protracted silence, or unreasonable delay in making protest, can raise a fact issue as to whether [that party] has waived a contractual right.") (citation and punctuation omitted). But the interpleader petition, which was filed by a disinterested party as the holder of the earnest money, recites that Elfersy had made a demand for the return of the earnest money on the grounds the Agreement was unenforceable. This clearly indicates that this issue was not just raised "prior to litigation," but that it was one of the factors precipitating the filing of the interpleader petition. On the other hand, while Elfersy states in his brief on appeal that his attorney raised the issue of the unenforceability of the Agreement in

correspondence with Miller's attorney "[l]ong before the interpleader was filed," he does not say when this occurred. More importantly, Elfersy does not provide a citation to the record where this correspondence may be found and, although it is not our duty to search the record on the parties' behalf, we have been unable to locate this correspondence in the record on appeal.

We do not end our inquiry there, however, but turn to the other attendant circumstances that may shed light on this issue to determine if summary judgment was appropriate. Elfersy's notice of termination of the Agreement signed on November 13, 2017, states that the termination was "based upon . . . the failure of the [financing contingency]," and while it does not specifically mention any omission or defect in the contingency, it is also somewhat unclear what "failure" means in this context. We do know that a week or so later, on November 20, 2017, Elfersy sent Miller a letter from a lending institution concerning his inability to obtain a loan, and no reference was made at that time to the unenforceability of the financing contingency. Miller amended the notice of termination of the Agreement on December 15, 2017, to note Elfersy's alleged default under the Agreement, and the record is silent concerning what happened after that correspondence until the interpleader action was filed about eight months later. Without more, we cannot

determine when Elfersy first raised the issue of the enforceability of the Agreement due to the deficiency in the financing contingency to assess waiver,[1] and we have no way of assessing whether his silence on this issue was indeed "protracted," as Miller contends on appeal. In this case, we cannot say that the evidence of waiver is so clearly established that either party is entitled to judgment as a matter of law. Rather, a jury must decide whether Elfersy waived the defect in the financing contingency that otherwise would render it unenforceable. Accordingly, the trial court's judgment is reversed.

*Judgment reversed. Barnes, P. J., and Gobeil, J., concur.*

---

[1] Elfersy argues that his silence was not protracted because he "timely and promptly notified" Miller of his inability to obtain a loan. However, it does not appear that his inability to obtain a loan was in any way tied to the lack of a stated interest rate, and his notice of failure to qualify for a loan does not equate with notice that the contract was too vague and indefinite to be enforced. Further, it appears that Elfersy continued to try and secure financing even after the closing date had passed, and his "conduct either before or after the deadline for obtaining the financing could show waiver." *Koets, Inc. v. Benveniste*, 169 Ga. App. 352, 354 (3) (a) (312 SE2d 846) (1983).