**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 15, 2026**

# In the Court of Appeals of Georgia

A26A0803. REESE et al. v. FIFE et al.

MCFADDEN, Presiding Judge.

This appeal challenges the parts of an order granting a defense motion for judgment on the pleadings as to a claim of breach of a real estate purchase contract and related claims contingent on the outcome of the breach of contract claim. Because the well-pleaded material allegations of the complaint, when taken as true, did not clearly entitle the defendants to judgment as a matter of law on the breach of contract claim, the trial court erred in granting judgment on the pleadings as to that claim and the related contingent claims. So we reverse those parts of the order granting judgment on the pleadings.

1. *Facts and procedural posture*

Gaidi Reese and Talibah Wilson filed a complaint, which they amended, asserting a claim for breach of a contract against Chiante Fife and Terrean Fife. Reese and Wilson also asserted claims for promissory estoppel as an alternative to breach of contract, declaratory judgment, and attorney fees. They sought specific performance and injunctive relief, or in the alternative, money damages.

Reese and Wilson alleged in their amended complaint that they entered into an agreement to purchase certain real property from the Fifes; that a special stipulation in the agreement provided, "Buyer agrees to pay seller at closing $25,000 above appraisal price not to exceed offer price," which was $485,000; that they paid $5,000 in earnest money pursuant to the agreement; that the property was appraised for a market value of $433,000; that pursuant to the special stipulation, they issued an amendment to the agreement reflecting a purchase price of $458,000, calculated as $25,000 above the appraisal value; that the Fifes refused to sign the amendment or accept that purchase price; that the Fifes then issued a unilateral notice to terminate the agreement due to Reese and Wilson's purported failure to comply with an appraisal contingency clause in the agreement; that the Fifes refused to sell the property to Reese and Wilson; and that the Fifes had no basis for terminating the

agreement. Reese and Wilson attached and incorporated various exhibits into the amended complaint, including the alleged signed agreement between the parties and the allegedly improper termination of the agreement.

Reese and Wilson subsequently filed a motion concerning their declaratory judgment claim. The Fifes responded, in part, by suggesting that the motion should be denied because all of Reese and Wilson's claims were subject to summary judgment. The trial court entered an order ruling against Reese and Wilson on their motion. Reese and Wilson appealed to this court.

That order was unclear. We were unable to determine whether the trial court granted summary judgment to the Fifes, granted judgment on the pleadings to the Fifes, or simply denied Reese and Wilson's motion concerning declaratory judgment. So we vacated that order and remanded the case to the trial court for further findings.

On remand, the trial court entered an order that denied Reese and Wilson's motion concerning their declaratory judgment claim and granted judgment on the pleadings to the Fifes as to the breach of contract and other claims. Reese and Wilson timely filed this pro se appeal from that order.[1]

---

[1] Reese and Wilson have not challenged the trial court's denial of their motion pertaining to their declaratory judgment claim. So that portion of the trial court's

3

2. *Breach of contract claim*

Reese and Wilson argue that the trial court erred in granting judgment on the pleadings as to their breach of contract claim. We agree.

> On appeal from a grant of judgment on the pleadings, we conduct a de novo review of the trial court's order to determine whether the undisputed facts appearing from the pleadings entitle the movant to judgment as a matter of law. The grant of a motion for judgment on the pleadings under OCGA § 9-11-12 (c) is proper only where there is a complete failure to state a cause of action or defense. For purposes of the motion, all well-pleaded material allegations by the nonmovant are taken as true, and all denials by the movant are taken as false. But the trial court need not adopt a party's legal conclusions based on these facts. Moreover, in considering a motion for judgment on the pleadings, a trial court may consider exhibits attached to and incorporated into the pleadings, including exhibits attached to the complaint or the answer. Nevertheless, we are mindful that a motion for judgment on the pleadings should be granted only if the moving party is clearly entitled to judgment.

*CoreVest Am. Fin. Lender v. Stewart Title Guar. Co.*, 358 Ga. App. 596 (854 SE2d 381) (2021) (citation and punctuation omitted).

Taken as true, the material allegations in the complaint, with the attached and incorporated exhibits, did not clearly entitle the Fifes to judgment as a matter of law on the breach of contract claim. On the contrary, the complaint plainly alleged the

order is not considered in this appeal.

4

elements for a breach of contract claim. "To assert a claim for the breach of . . . a contract, a plaintiff must allege that the parties agreed to the terms of the contract, that consideration was given for the contract, that the defendant thereafter breached the agreement, and that the plaintiff suffered damages as a result of the breach." *Campbell v. Ailion*, 338 Ga. App. 382, 386 (1) (790 SE2d 68) (2016). As recounted above, Reese and Wilson alleged in the complaint that the parties had agreed to the terms of a contract for the purchase and sale of real property, they expressly incorporated an attached copy of the alleged contract into the complaint, they alleged that they had paid earnest money pursuant to the agreement, they asserted that the Fifes had breached the contract by failing to fulfill its terms and unilaterally terminating it, and they alleged damage from such failure to perform under the contract. "These allegations[, when taken as true,] are sufficient to support a breach of contract claim, and the trial court erred in [granting judgment on the pleadings as to] it." *James v. Bank of Am., N. A.*, 332 Ga. App. 365, 367-368 (2) (772 SE2d 812) (2015). So "we reverse the trial court's grant of judgment on the pleadings as to [the] claim[] of . . . breach of contract[.]" Id. at 369 (5).

The Fifes argue that the trial court correctly granted judgment on the pleadings on the breach of contract claim because Reese and Wilson failed to comply with an appraisal contingency clause in the agreement. But that clause was merely a non-mandatory provision that Reese and Wilson had no obligation to invoke and that did not provide for termination of the agreement if they did not invoke it. Rather, the clause provided that under certain circumstances Reese and Wilson could request a reduced sale price by submitting a specific form to the Fifes, but that nothing in the clause required them to make such a request. Moreover, Reese and Wilson did not allege in the complaint that they had submitted such a form or otherwise base their breach of contract claim on the appraisal contingency clause. Instead, that claim was premised on the special stipulation in the contract concerning a purchase price of $25,000 over appraisal value and the Fifes' alleged improper termination of the contract and failure to close. So contrary to the Fifes' argument, the appraisal contingency clause provided no basis for the trial court to grant judgment on the pleadings on the breach of contract claim.

3. *Contingent claims*

The trial court granted judgment on the pleadings against Reese and Wilson on their alternative claim for promissory estoppel and their claim for attorney fees, as well as on their requests for equitable relief in the form of specific performance and an injunction. But those claims and requests for relief are contingent on the outcome of the breach of contract claim. See *Estate of Callaway v. Garner*, 297 Ga. 52, 53 (1) (772 SE2d 668) (2015) (specific performance is an equitable remedy for breach of contract that is distinct from the remedy of damages); *Miller v. Miller*, 356 Ga. App. 142, 145 (1) (846 SE2d 429) (2020) (attorney fees under OCGA § 13-6-11 apply to conduct arising from the transaction underlying the cause of action in litigation); *Baker v. GOSI Enters.*, 351 Ga. App. 484, 489 (4) (830 SE2d 765) (2019) (a claim of promissory estoppel, which presupposes the absence of an enforceable contract, is an alternative theory of recovery to a breach of contract claim); *Holland Ins. Group v. Senior Life Ins. Co.*, 329 Ga. App. 834, 841 (2) (766 SE2d 187) (2014) (an injunction is an extraordinary remedy that must be prudently and cautiously exercised). Given our holding above that the trial court erred in granting judgment on the pleadings on the

7

breach of contract claim, it follows that the grant of judgment on the pleadings as to the contingent claims was also erroneous and must be reversed.

*Judgment reversed. Watkins and Padgett, JJ., concur.*